THE HILL INVESTMENT COMPANY v. ALBERT HONEY-
WELL *et al.*

No. 12,732. ( 69 Pac. 334.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Jurisdiction—Estate of Lunatic.*
The district court does not have jurisdiction to entertain an action to subject funds in the hands of the guardian of an insane person to the payment of the latter's debts, when the creditor does not have a lien on such funds, and there exists no special or extraordinary reason preventing the probate court from making the desired order, if it be proper and just.

Error from Harper district court; P. B. GILLETT, judge. Opinion filed July 5, 1902. Affirmed.

*E. C. Wilcox*, for plaintiff in error.

*Isaac P. Campbell*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : Albert Honeywell is a person of unsound mind. O. C. Hooker is the guardian of his person and property, by appointment of the probate court. The Hill Investment Company recovered a judgment against him. There are funds belonging to the lunatic in the guardian's hands. The judgment creditor has no lien on these funds, but it brought an action in the district court to subject them to the payment of

its judgment. May such an action be maintained in that court for that purpose? The court held that it did not have jurisdiction to entertain the proceeding, and from its judgment error has been prosecuted. The claim of error is not well taken. The district court did not have jurisdiction.

Chapter 60 of the General Statutes of 1901 vests jurisdiction over the estates of lunatics in the probate court. It contains elaborate provisions for the management of the property of such unfortunates by guardians appointed by such court and acting under its directions. Some of these provisions will be noticed, using the section numbers of the General Statutes of 1901. Section 3945 provides for the appointment of a guardian of the person and estate of the lunatic; section 3949 requires the guardian to give bond that he will "manage and administer his (the lunatic's) estate and effects to the best advantage according to law"; section 3953 requires the guardian to take charge of the person of the lunatic "and provide for his support and maintenance as hereinafter directed." The sections following require the guardian to collect, inventory and preserve his ward's property, settle his debts, and prosecute and defend actions for him. Section 3959 authorizes the probate court to make orders "for the management of his (the lunatic's) estate, for the support and maintenance of his family and the education of his children out of the proceeds of such estate; to set apart and reserve for the payment of debts; and to let, sell or mortgage any part of such estate, real or personal, when necessary for the purposes above specified." Section 3982 reads: "The probate court shall have full power to control the guardian of any such insane person in the management of the person and estate

Hill v. Honeywell.

and the settlement of his accounts, and may enforce
and carry into execution its orders and judgments in
the same manner as in cases of administration."

There are no statutory provisions vesting the dis-
trict courts with any authority to administer the estates
of persons of unsound mind, or to entertain suits in
respect of their property.    It is probable that the dis-
trict courts are vested with jurisdiction to enforce
specific liens on the property of such persons, as
they are found to have in the case of a lien on the
estate of a decedent.    (*Shoemaker v. Brown,* 10 Kan.
383.)    It is probable that they have jurisdiction to
vacate fraudulent settlements of a guardian's ac-
counts, as was done in the case of a defrauded minor
(*Klemp v. Winter,* 23 Kan. 699) ; and it is probable
that there are other classes of cases in which the dis-
trict court has original jurisdiction to make orders
that may in some manner affect the property of a lu-
natic under guardianship; but it cannot be that,
without a specific grant of authority, that court may
take jurisdiction in the first instance to do the same
things which the probate court is expressly authorized
to do.

A court of general chancery is not, perhaps, entirely
divested of jurisdiction in cases of guardianship by the
creation of a statutory court for the control of the
ward's property, but such jurisdiction as it has is re-
served to it in extraordinary cases and for special
reasons.    (*Willis v. Fox and another,* 25 Wis. 646 ;
*Ames et al. v. Ames et al.,* 148 Ill. 321, 36 N. E. 110.)
In accordance with this principle, it has been held that
where a decedent's estate is still unsettled, the admin-
istrator still acting, and no special reason shown why
the jurisdiction of the probate court should not be in-
voked, the district court will not make orders affect-

ing the administration of the estate. (*Johnson v. Cain*, 15 Kan. 532; *Stratton v. McCandless*, 27 id. 296.)

Considering the ample authority vested in the probate court to make all proper and just orders in respect to the estates of lunatics, we can conceive no occasion when, in the lack of special reasons therefor, the district courts should be called on to interfere. The judgment of the court below is affirmed.

SMITH, POLLOCK, JJ., concurring.