No. 35,164

Ambrose L. Erwin and Forest N. Erwin, *Appellants*, v. Gertrude B. Erwin, as Administratrix, Etc., *Appellee*.

(113 P. 2d 349)

Opinion filed May 10, 1941.

*George Barrett* and *Robert G. Miller,* both of Pratt, for the appellants.

*William B. Hess, Myron S. Steere* and *Alfred Williams,* all of Pratt, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This action involves primarily the jurisdiction of the probate court and of the district court, on appeal from the probate court, to order distribution of an estate in accordance with the terms of a family settlement made by all of the heirs, where decedent died intestate.

The appeal to this court is from the order of the district court overruling the demurrer of two heirs to the intervening petition of the widow filed in the district court after two heirs had appealed from the order of final settlement and distribution made by the probate court. The probate court and the district court decreed the estate should be settled and distributed in accordance with the written contract. The heirs are Ambrose L. Erwin and Forest N. Erwin, sons of Frank A. Erwin, deceased, by prior marriage, and

decedent's widow. The sons were appellants in the district court and are the appellants here.

A preliminary subject requires attention. Appellee urges the appeal should be dismissed. She contends appellants partially complied with the judgment of the district court and that they have therefore waived their right of appeal. In view of the meager and rather incomplete circumstances upon which the contention is based we prefer to entertain the appeal.

Frank A. Erwin died intestate June 30, 1939. Appellee, the widow, was duly appointed and qualified as administratrix of decedent's estate July 5, 1939. On the next day the heirs entered into a written contract for the division of decedent's estate. Shortly thereafter the widow brought an action in the district court to set aside that contract upon the ground of fraud. While that action was pending the heirs executed a second contract on May 8, 1940. The last contract relates it was executed for the purpose of adjusting, settling and compromising their claims. By its express terms the first contract became null and void and the action of the widow in the district court was to be dismissed upon the execution of the second contract. The purpose of the second contract is disclosed in paragraph 15, which reads:

"That party of the first part and parties of the second part agree to assist to the best of their ability *to effect a quick and proper settlement of the estate in accordance with the terms of this agreement* and that the making and carrying out of the terms and conditions of this agreement will restore the confidence, friendship and affection which existed during the lifetime of our father and husband, Frank A. Erwin." (Emphasis supplied.)

Paragraph 3 of the contract provided:

"That party of the first part shall pay all costs and attorneys' fees, accrued or to accrue in the matter of the estate of Frank A. Erwin, deceased, pending in the probate court of Pratt county, Kansas."

The contract affected only rights and interests in the real estate and personal property which belonged to the estate. The only real estate was the homestead. The contract referred to an annuity policy in the Victory Life Insurance Company. The terms of that policy are not before us. That fact, however, is immaterial, as the contract provided the policy "shall remain in full force and effect as now written, subject to any further agreement by parties of the second part and party of the first part." The contract provided for the execution and delivery of a deed to the homestead and a bill of sale to personalty in accordance with the terms of the contract.

On July 16, 1940, the administratrix filed her petition in the probate court for final settlement and distribution of the estate in accordance with the terms of the last contract. The contract was made a part of the petition. Appellants moved to strike that portion of the petition which referred to the contract of settlement on the ground the probate court was without jurisdiction to make the settlement in accordance with the terms of the contract. It appears their contention was, the probate court had jurisdiction to make a decree of distribution only in accordance with the law of descent and distribution, as the title to property existed between the heirs at the death of decedent, and that the probate court had no jurisdiction over the private contract of the heirs. The motion was overruled, evidence was heard, and a decree of final settlement and distribution was made in accordance with the terms of the contract. The decree contained the further provision:

"It is further ordered and decreed by the court that should any of said heirs fail to comply with the order of this court and to comply with the terms of said contract for a period of 30 days from this date, then any sum or sums not so paid shall be a lien upon the property owned by said estate situated in the city of Pratt and hereinbefore described."

Appellants appealed to the district court. In that court the widow, as an individual heir, asked and obtained leave to file an intervening petition. Time was granted appellants to answer. They demurred to the petition on the ground it did not state a cause of action and disclosed on its face the district court was without jurisdiction of the subject matter. The demurrer was overruled. Appellants stood on their demurrer and judgment was rendered in accordance with the contract of family settlement. The petition, insofar as now material, in substance alleged: Frank A. Erwin died June 30, 1939. Gertrude B. Erwin was the duly appointed, qualified and acting administratrix of decedent's estate. All claims against the estate had been satisfied except the expenses and costs of administration. Decedent at his death owned the following real estate and personal property (description). For the purpose of an amicable settlement and distribution of the estate the heirs entered into the last contract of final settlement. (The contract was made a part of the petition.) Petitioner had been at all times and was now ready, able and willing to perform the contract and now offered to perform it. On July 16, 1940, she filed, as administratrix, her petition in the probate

court for final settlement and distribution in accordance with the family settlement. (Copy of the petition was attached.) The probate court ordered final settlement and distribution in accordance with the contract of family settlement. (Copy of decree was attached.)

The prayer was for judgment of final settlement and distribution in accordance with the contract of family settlement and that if appellants refused to perform their obligations thereunder within a reasonable time, that judgment be rendered against them for the value of the property they agreed to convey and deliver and that the judgment be made a lien upon their interest in the homestead.

We shall first consider appellant's contention that neither the probate court nor the district court had jurisdiction of the subject matter, that is, the contract involving the settlement of the estate. The theory of their contention is, first, the contract was an agreement between private individuals and could not be enforced through probate proceedings. Their theory is, further, that it was unnecessary the contract should be adjudicated in order to obtain a decree of settlement and distribution.

Manifestly, the contract of family settlement was between private individuals. Such a contract is always between private individuals, namely, heirs, devisees or legatees. The property, however, which was the subject of their contract was the property of an estate and that estate was in the process of administration in a court vested with jurisdiction and power to settle and distribute estates.

Next, it was not a question of adjudicating the validity of the contract. The only question was how the estate should be distributed. It must be remembered the validity of the contract was never questioned and is not questioned now. Of course, it was not necessary to have any contract of family settlement in order to obtain a decree of final settlement and distribution. When, however, such a contract, conceded to be valid, was in fact executed, it then became necessary to have that contract submitted to and approved by the probate court in order to obtain a decree of settlement and distribution in accordance with the terms of that contract. The probate court has exclusive jurisdiction of the final settlement and distribution of decendent estates. Due notice of final settlement was given. All interested parties were present at the hearing. They could not stand by and permit the probate court to enter a

final decree of settlement and distribution according to the law of descent and distribution and thereafter assert contrary rights under a private contract.

It also appears the parties intended the estate should be settled and distributed according to the terms of their contract. Paragraph 3 of the contract, previously noted, directed payment by the widow of costs and attorney fees, accrued or to accrue, in connection with the settlement of the estate then pending in the probate court. A decree in conformity with that provision ·could have been made by the probate court only by virtue of the private contract between the heirs. Moreover, the parties by paragraph 15 of the contract, also previously noted, expressly agreed to effect a quick and proper settlement of the estate in accordance with the terms of the agreement. Compliance with that agreement could not have been effectuated better by the administratrix than by doing exactly what she did, namely, by petitioning the probate court to make distribution of the estate in accordance with the contract of settlement. We think the contract contemplated just that and did not contemplate the contract should become the source of possible later litigation. The express purpose of the contract was to adjust, compromise and settle the claims of the heirs in order to restore the confidence, friendship and affection which had existed during the lifetime of decedent. Such contracts have been enforced frequently by probate courts, whether they provide distribution upon a plan different from that prescribed by the statute of descent and distribution or the statute of wills. (*Myers v. Noble,* 141 Kan. 432, 41 P. 2d 1021; *Hirt v. Bucklin State Bank,* 153 Kan. 194, 109 P. 2d 171, and cases therein cited.) The modern tendency is to extend the jurisdiction of the probate court in respect to matters incident and ancillary to the exercise of its recognized jurisdiction. (15 C. J. 1012; 21 C. J. S., §§ 301, 304; *In re Osborn's Estate,* 99 Kan. 227, 229, 161 Pac. 601; *Myers v. Noble,* supra, pp. 436, 437.)

The new probate code, however, conclusively settles the question of the jurisdiction of both the probate court and the district court in the instant case. It is true decedent died June 30, 1939, and that the new probate code did not become effective until July 1, 1939. Administration of the estate was, however, commenced after the new code became effective, namely, July 5, 1939. The procedure under the new code was applicable. (G. S. 1939 Supp. 59-2602.) The new code requires, among other things, that the petition for

final settlement state *the nature and character* of the respective claims of the heirs, devisees and legatees. (G. S. 1939 Supp. 59-2247.) The pertinent portion of the new code, which pertains to the hearing of the petition for and the decree of final settlement, provides:

". . . Upon such settlement and allowance the court shall determine the heirs, devisees, and legatees entitled to the estate and assign the same to them by its decree. The decree shall name the heirs, devisees, and legatees, describe the property, *and state the proportion or part thereof to which each is entitled. Said decree shall be binding as to all the estate of the decedent,* whether specifically described in the proceedings or not. . . . When the final decree includes real estate, such decree, or a certified copy thereof, may be entered on the transfer record of the county clerk of the proper county." (G. S. 1939 Supp. 59-2249.) (Emphasis supplied.)

We think the above provisions of the new code clearly indicate the lawmakers intended every claim to an estate or to any portion thereof should be presented to the probate court in order to facilitate prompt and orderly distribution of decedent estates. If, in the process of administration, a question arises over which the probate court has no jurisdiction, the new code provides both the procedure and the remedy. G. S. 1939 Supp. 59-2402, reads:

"In any proceeding pending in the probate court when it appears that a decision upon any question of which the probate court does not have jurisdiction is necessary to a full determination of the proceeding, such question shall be certified by the probate court to the district court having appellate jurisdiction thereof, which court shall proceed to hear and determine the same as though an action involving that question had been filed originally therein. The decision of the district court, when final, shall be certified to the probate court in like manner as a decision upon appeal."

The new code provides for appeals to the district court, and expressly determines its jurisdiction and power. The pertinent portion of section 276, chapter 180, Laws of 1939, reads:

"Upon the filing of the transcript the district court, without unnecessary delay, shall proceed to hear and determine the appeal, and in doing so shall have and exercise the same general jurisdiction and power as though the controversy had been commenced by action or proceedings in such court and as though such court would have had original jurisdiction of the matter. The district court may allow or require pleadings to be filed or amended." (G. S. 1939 Supp. 59-2408.)

Appellants invoked the jurisdiction of the district court by appeal. The real issue, and the only issue, was the same in the district court as it was in the probate court, namely, whether the pro-

bate court had jurisdiction to distribute the estate in conformity with the contract of family settlement. The district court properly decided the probate court was vested with such jurisdiction. The issue was not changed by the intervening petition which was filed by the widow in the district court pursuant to statutory authority. It set forth the contract and narrated what had transpired in the probate court. It may have contained some surplusage, but it was good as against a general demurrer. Nor was the demurrer good on the ground the district court had no jurisdiction of the subject matter.

Appellants also contend the intervening petition was designed to obtain specific performance of a contract or damages in the alternative. If the petition properly could be so construed, the district court had common law jurisdiction of such an action and the result is the same. The demurrer was properly overruled. The judgment is affirmed.