No. 35,499

W. F. DIXON, *Appellant,* v. PATRICIA FLUKER, as an Individual and as Administratrix of the Estate of Patrick M. Hickey, Deceased, *Appellee.*

. (125 P. 2d 364)

Opinion filed May 9, 1942.

*Matt Guilfoyle,* of Abilene, argued the cause, and *Thornton D. Scott, John H. Lehman,* both of Abilene, and *W. J. Scott,* of Junction City, were on the briefs for the appellant.

*C. Vincent Jones,* of Clay Center, argued the cause, and *Wayne W. Ryan,* of Clay Center, *Arthur S. Humphrey* and *I. M. Platt,* both of Junction City, were on the briefs for the appellee.

.The opinion of the court was delivered by

SMITH, J.: This was an action for the specific performance of an oral contract whereby it was alleged that the decedent had agreed to convey or bequeath certain real estate. After the issues were made up, judgment was given for the defendant on her motion for judgment on the pleadings. The plaintiff has appealed.

The petition alleged the death of one Patrick Hickey and that the defendant was the administratrix of his estate and only heir at law; that he had been engaged in the hardware business for some years before his death and owned considerable real estate in Geary and adjoining counties; that his wife was a sister of plaintiff; that defendant was the adopted daughter of Hickey and his wife and that plaintiff and Hickey had for many years previous been partners in the hardware business. The petition then alleged that Hickey owned certain described real estate in Junction City at the time of his death; that his wife died before he did; that shortly after the death of Hickey's wife plaintiff and Hickey entered into an agreement by the terms of which plaintiff agreed to stay with Hickey and carry the principal burden of conducting the partnership business and help Hickey with his private business affairs whenever called upon to do so and in consideration therefor plaintiff was to receive the real estate described at Hickey's death; that thereafter Hickey left the partnership affairs more and more in the hands of plaintiff and absented himself from the store for a considerable portion of the time; that plaintiff helped Hickey collect his rents and pay his bills, caring for Hickey and helping him with his business affairs and he continued to pay Hickey his share of the profits of the business; that he received no other compensation whatever from Hickey, but Hickey frequently told him his reward for the loyalty with which he operated the store was to be this particular piece of property; that plaintiff faithfully and completely performed the contract on his part, but that Hickey died on the 11th day of September, 1940, without conveying or devising the real estate.

The prayer was for a specific performance of the contract and such other relief as the court might deem just and equitable.

On motion of the defendant the court struck from the petition the allegations as to the relationship of the parties, that is, that the wife of Hickey was a sister of plaintiff and that Hickey and his wife had adopted the defendant; also the allegation that Hickey frequently

talked with plaintiff during the years that the contract was being carried out and told him his reward would be the property. An amended petition was filed substantially the same as the original petition with the exception of the above allegations.

The answer admitted the defendant was the administratrix and heir at law of the estate of Patrick M. Hickey, deceased; that Hickey and plaintiff had been partners in the hardware business; that Hickey had owned the real estate in question. There was a denial of the rest of the petition. There was also an allegation that the district court had no jurisdiction of the case, but that whatever claim plaintiff had against defendant was within the jurisdiction of the probate court of Geary county. The answer further alleged that subsequent to the death of Hickey and with full knowledge of all claims which he had plaintiff paid rent at the regular rate to defendant as the administratix of the estate for four months; that defendant at that time was and had been in possession of the real estate, and plaintiff had been her tenant from month to month, and by reason of this tenancy plaintiff was estopped to claim title adversely to defendant. The answer also alleged that plaintiff was further estopped to claim that an oral contract was ever made and carried out for him because after the death of Hickey plaintiff often saw defendant and had opportunity to inform her of the alleged contract, but never did so until shortly before this suit was filed, and had paid the rent mentioned knowing that plaintiff as administratrix was charged with it on her bond and was incurring the expense of inventorying the estate. The answer alleged that plaintiff had failed and refused to pay defendant the rent due from February 1, 1941, to the time of the filing of the suit, which amounted to $600. The answer prayed that plaintiff take nothing by the action and that defendant have judgment against him for $600 as administratrix.

The plaintiff filed a reply wherein he admitted that he had made the rental payment, but alleged that under the arrangement he had with Hickey the hardware firm had paid rent to Hickey in the sum of $75 per month, but plaintiff believed that Hickey left some instrument among his effects carrying out the agreement alleged in his petition, and that when the instrument was discovered defendant would present him with it and there would be no controversy. The reply also alleged that Hickey was a man of large affairs and that on

account of the relationship of the parties plaintiff considered it improper to raise the question until defendant had reasonable opportunity to get into the affairs of the estate and that plaintiff did not intend to recognize the title of defendant but only delayed asserting his claim for the reasons given.

The defendant filed a motion to strike certain portions of the plaintiff's reply. This motion was overruled. Defendant then filed a motion for judgment on the pleadings in favor of the defendant individually and for her costs and for $616 as administratrix. This motion was sustained by the court and judgment was given accordingly. The plaintiff has appealed.

The plaintiff argues that the court erred in sustaining defendant's motion to strike. The allegations that were stricken have no bearing on the questions with which this court is dealing and no further attention need be given to this argument.

The plaintiff points out that it was argued in the trial court that proper jurisdiction was in the probate court and not in the district court. Plaintiff meets this argument with the citation of *Dent v. Morton,* 148 Kan. 97, 79 P. 2d 875. There this court said:

"The district court is the proper forum and has jurisdiction of an action for specific performance of a contract with a person since deceased, in which it was alleged the promisee was to receive real and personal property in consideration of certain services as set out in the petition, which shows on its face that equitable considerations enter into a determination of the matter." (Syl. ¶ 1.)

A motion for judgment on the pleadings is tantamount to a demurrer. (See *Russell v. Bovard,* 153 Kan. 729, 113 P. 2d 1064; *School District v. Community High School,* 146 Kan. 380, 69 P. 2d 1102.) The demurrer searches the record. (See *Burris v. Burris,* 140 Kan. 208, 34 P. 2d 127.) This motion for judgment on the pleadings was filed by the defendant. Hence our attention is directed to the petition. We must examine it as to its sufficiency. A petition is demurrable, among other things, if it appears on its face that the trial court has no jurisdiction of the subject matter of the action. (See G. S. 1935, 60-705.) Does such appear on the face of the petition here?

According to the petition there was an oral contract between plaintiff and decedent whereby plaintiff was to perform services and in return plaintiff was to receive a particular piece of real estate at the death of the decedent. He did perform the services and decedent neither conveyed it to him before the death of decedent nor left it to

him by will. The estate was being administered in the probate court at the time the action was commenced and the real estate in question was a part of the estate of the decedent.

The situation in all its essential details was substantially the same as this court considered in *Foss v. Wiles*, ante, p. 262, 124 P. 2d 438. That was an action in district court to compel specific performance of an oral contract whereby it was alleged the decedent had agreed to leave all his real estate to the plaintiff in consideration of services. The estate was in the process· of administration.

The defendants attacked the petition on the ground that the district court was without jurisdiction to entertain the action. They argued that it was the intent and purpose of the new probate code, G. S. 1941 Supp. chapter 59, to confer exclusive original jurisdiction over all matters pertaining to the settlement and distribution of decedent's estate upon probate courts.

The precise question was a new one. This court made a careful examination of cases that had been passed on recently by us and pointed out that there were facts that distinguished each of them from the case under consideration. The case of *Dent v. Morton*, supra, upon which plaintiff relies, was decided in January, 1938, before the new probate code was enacted.

This court in the case of *Foss v. Wiles*, supra, then proceeded to point out the pertinent provisions of the new probate code, especially some of the provisions of G. S. 1941 Supp. 59-301, which read as follows:

"The probate courts shall be courts of record, and, within their respective counties, shall have original jurisdiction:

. . . . . . . . . . . . . .

"(3) To direct and control the official acts of executors and administrators, to settle their accounts, and to order the distribution of estates.

. . . . . . . . . . . . . .

"(5) To determine the heirs, devisees, and legatees of decedents.

. . . . . . . . . . . . . .

"(11) Such other jurisdiction as may be given them by statutes pertaining to particular subjects.

"(12) And they shall have and exercise such equitable powers as may be necessary and proper fully to hear and determine any matter properly before such courts."

This court then said:

"From the various provisions of the code it clearly appears the probate court had original and exclusive jurisdiction, not only of the personalty

but also of all real property which belonged to decedent's estate. It was exercising that jurisdiction at the time the instant action was filed. Under the law it was required to determine and describe the property and to state the proportion or part thereof to which each heir, devisee and legatee was entitled, and that degree was binding as to *all of the estate* of the decedent, whether specifically described in the proceedings or not. (G. S. 1939 Supp. 59-2249.) The probate court could not distribute the estate properly, pursuant to statutory direction, without first settling the questions which were germane to the subject of distribution. Under the provisions of G. S. 1939 Supp. 59-301, that court was expressly granted original jurisdiction and authority to exercise such equitable powers as might be necessary and proper fully to hear and determine any matter properly before it. The matter of the settlement and distribution of the entire estate was properly before it and its original jurisdiction over those matters could not be circumvented by plaintiff filing an independent action in the district court." (p. 269.)

The provisions of subsection 12 of G. S. 1941 Supp. 59-301 should be noted. This subsection confers equitable powers on probate courts with respect to matters properly before them. It is a well-established rule in this state that if a party has an adequate remedy by an ordinary legal proceeding in the probate court to obtain the desired relief he cannot bring an action in the district court to obtain that relief. (See *Correll v. Vance,* 127 Kan. 840, 275 Pac. 174; *Holmes v. Conway,* 128 Kan. 430, 278 Pac. 8; *Shuckrow v. Maloney,* 148 Kan. 403, 412, 83 P. 2d 118.)

In this case the legislature in enacting the probate code and conferring equitable powers on probate courts must have intended to give probate courts jurisdiction to hear cases such as the case with which we are dealing. Otherwise, the provisions of subsection 12 would have been meaningless. Hence, there is an adequate remedy for plaintiff by beginning a proceeding in probate court.

In this action the real estate in question was a part of the decedent's estate. This estate was being administered in probate court. It was necessary that the title to this piece of real estate be settled in order that the estate be settled. This required an adjudication of the questions raised by the petition. Hence the probate court had exclusive, original jurisdiction of this action.

The conclusion just reached would require the affirmance of the judgment.

The defendant makes another argument as to why the plaintiff could not recover. She contends that the contract pleaded is not the sort of oral contract which courts of equity will enforce.

On this phase of the case plaintiff cites and relies on *Dent v.*

*Morton,* supra, and *In re Estate of Hutchison,* 151 Kan. 333, 99 P. 2d. 992. These two cases do not support the contention of the plaintiff. The contract with which we are dealing was that plaintiff was to stay with Hickey as partner and carry the principal burden of caring for the partnership business and to help Mr. Hickey with his private affairs. The Morton case contains a comprehensive review of the decisions of this court where it was sought to enforce contracts of this sort in equity. In all of them there is the thought that equity will enforce such contracts when the services performed were such that they could not be compensated for with money. In *Bray v. Cooper,* 145 Kan. 642, 66 P. 2d 592, this court recognized that the love and companionship of a child cannot be measured with money. The cases of this type generally are those where some young person has come into a family or has given his services to an aged person and rendered them personal services which involved love, affection, companionship and consideration. The contract pleaded here was no more than a business arrangement. Plaintiff agreed to stay with the decedent in his hardware business. The petition specifically pleads he was to help decedent in his business affairs. No reason appears why these services could not have been measured in dollars.

*In re Estate of Hutchison,* supra, dealt with a situation where an aged and ailing mother was taken into the home of a daughter, who cared for her and nursed her. The services rendered could not be compensated with money.

In *Andrews v. Aikens,* 44 Ida. 797, 260 Pac. 423, the oral contract for the conveyance of real estate which the plaintiff sought to enforce was that he would manage his uncle's business which would consist of collecting rents, paying taxes, keeping buildings insured, etc. The court said:

"In practically all the cases where specific performance was decreed the contracts called for the performance of duties of a filial and intimate personal nature, the value of which could not be estimated. This, of course, presents an entirely different question, and such authorities are not in point in this case. Here the deceased or promisor was not to live in the family of the respondent, and no close, intimate or filial relationship was to exist. The contract simply required respondent to look after the business of the deceased. He was to handle the farms and various properties, receive and disburse moneys, and in general act as the business advisor and assistant of the owner. He was required to render no service that an ordinary real estate agent or factor could not and does not perform for his clients. This was

not a contract for the personal care of an aged person, where great patience with his infirmities was required, contemplating not only food, medicine and clothing, but good temper, forbearance, and honest effort to please, and an intimate family relationship; but was simply a business arrangement for the management and care of the property of the deceased." (p. 805.)

In *Roberts v. Roberts*, 130 Kan. 85, 285 Pac. 584, the plaintiff was seeking to enforce an oral contract to devise real estate. The contract was that if plaintiff would remain at home and work on the farm with his father after he became of age, he would have the quarter of land. In considering the question with which we are concerned this court said:

"The decisions (and they are many) which uphold contracts of the nature last indicated, where they relate to real estate are based upon the proposition that the value of the services rendered cannot fairly be measured in money. Whenever the services are of a character that they can be measured in money and recovery had, equity will not enforce such a promise." (p. 92.)

We have heretofore pointed out that the services which the plaintiff alleged he rendered decedent could have been compensated in money. We conclude, therefore, that the contract pleaded was not the sort of contract which equity would enforce.

One more question remains in this case. In the answer of the defendant she alleged that the plaintiff had failed to pay defendant the rent due her for the property involved in this case which at the time of filing the answer amounted to $600. Besides praying that plaintiff take nothing by this action defendant prayed for judgment for $600, with interest. The plaintiff in his reply admitted that he had not paid this $600. The trial court refused to enforce the contract and gave defendant judgment for $600, with interest. The pleading filed by the defendant was called an answer, but whether it had the effect of a cross petition depends on its contents rather than its name. (See *Upham v. Shattuck*, 151 Kan. 966, 101 P. 2d 901; also *Brandtjen & Kluge, Inc., v. Lucas*, 153 Kan. 138, 109 P. 2d 197.) The paragraph to which reference has been made had the effect of a cross petition in so far as it stated a ground for affirmative relief. The district court was the only tribunal where the administratrix could enforce her demand against the plaintiff. Hence when she pleaded that defendant had not paid the $600 rent and the plaintiff admitted that he had not paid it, the trial court was correct in giving her judgment for that amount.

The judgment of the trial court is affirmed.