## No. 35,894

HARVEY SHIVELY, as Administrator of the Estate of Marie Annie Shively, Deceased, HARVEY SHIVELY ,and ROSALIE SHIVELY, *Appellees*, v. HENRY BURR, as Administrator of the Estate of William Burr, Deceased, *Appellant*.

(139 P. 2d 401)

Opinion filed July 10, 1943.

*George Siefkin,* of Wichita, argued the cause, and *Kenneth L. Hodge,* of McPherson, and *Don Postlethwaite,* of St. Francis, were on the briefs for the appellant.

*Thomas F. Neighbors,* of Scottsbluff, Neb., argued the cause, and *Fred Rueb,* of St. Francis, and *Lester A. Danielson,* of Scottsbluff, Neb., were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action for wrongful death brought against the administrator of the estate of the alleged wrongdoer. Judgment was for the plaintiff overruling the demurrer of the petition of the defendant. The defendant has appealed.

Miss Shively was riding in an automobile being driven by William Burr. While they were in Nebraska the car being driven by Burr

collided with a truck. Both Miss Shively and Burr were killed. The administrator of the estate of Miss Shively has brought this action against the administrator of the estate of Burr.

The action was brought in the district court of Cheyenne county. The petition alleged the appointment of the plaintiff as administrator of the estate of Miss Shively and also the appointment of Henry Burr as administrator of the estate of William Burr and that at the time the action was commenced the probate court had fixed nine months from the tenth day of December, 1941, as the time within which all demands must be exhibited against the estate. The appeal was submitted to this court in May. At that time the questions argued by the defendant were that under the law of Nebraska the action for wrongful death would not survive the death of the wrongdoer, and that the negligence pleaded in the petition of plaintiff did not constitute gross negligence so as to permit the action to be brought under the guest statute of Nebraska. During the consideration of the appeal it appeared that there was a question as to whether or not the district court had original jurisdiction of the action in the first instance. Accordingly, further consideration of the appeal was halted and the clerk of the court was directed to advise counsel for both parties that the court desired further briefs on the following question: Whether or not the action should have been brought in the probate court in the first place rather than in the district court. A day was fixed for the filing of briefs by counsel of both parties on this matter. The briefs were filed and at the session of this court for June the question of jurisdiction was considered.

In the first place it should be noted that it is the duty of this court to raise the question of jurisdiction whenever it appears that there is a question about it, whether the parties have raised it or not. *Behee v. Beem*, 156 Kan. 115, 131 P. 2d 675; and see *Ewing v. Mallison*, 65 Kan. 484, 70 Pac. 369; *Dresser v. Bank*, 101 Kan. 401, 168 Pac. 672, and *In re Richards*, 106 Kan. 105, 186 Pac. 1025.

The question of the exclusive original jurisdiction of a probate court to entertain the actions against administrators and executors has been before this court a number of times since the new probate code (G. S. 1941 Supp., ch. 59) was enacted by the legislature of 1939.

In *Foss v. Wiles*, 155 Kan. 262, 124 P. 2d 438, the action was for the specific performance of an oral contract whereby it was alleged

the decedent had agreed to leave all his real estate and most of his personalty to the plaintiff in consideration of services, and to set aside all provisions of his will which were at variance with the contract. In that action the executor of the decedent's estate and all devisees and legatees except one were parties, and after their demurrer to the petition was overruled they appealed to this court. We reviewed the opinions we had handed down just prior to enactment of the probate code, some of which indicated that the action could have been brought directly in the district court. Among these was *Leidigh & Havens Lumber Co. v. Wyatt,* 153 Kan. 214, 109 P. 2d 87. We pointed out in that case that under the old probate code, as well as under an express provision of the new probate code, a claimant against an estate was authorized to exhaust his security in the district court before making a claim against the administrator in the probate court (see G. S. 1941 Supp. 59-1303) and that under both the old and new code a proper action brought in district court constituted a demand legally exhibited. Then we called attention to the powers that were given the probate courts by a new code and called special attention to subdivision 12 of G. S. 1939 Supp. 59-301, which provided that probate courts should have and exercise such equitable powers as might be necessary and proper fully to hear and determine any matters properly before such courts. Then we pointed out that at the time the action was brought the estate was in the process of being administered and that the administration could not be carried out without an adjudication of the matters raised in that action and said:

"A careful study of the provisions of the new probate code leads us to conclude that it was the intent and purpose of the framers of the Kansas probate code and of the legislature which enacted it to grant to probate courts exclusive original jurisdiction over all matters incident and ancillary to the settlement and distribution of decedent estates, except as to any matter over which that code expressly confers concurrent jurisdiction upon district courts." (p. 270.)

We had already said in *Erwin v. Erwin,* 153 Kan. 703, 113 P. 2d 349, that under the new probate code the probate court had jurisdiction to examine a contract for family settlement and to distribute the property according to it.

Following the decision of *Foss v. Wiles,* supra, we decided the case of *Dixon v. Fluker,* 155 Kan. 399, 125 P. 2d 364. This action was brought in the district court for the specific performance of an oral contract to convey or bequeath real estate. It was so argued and

briefed in this court. We held, following *Foss v. Wiles,* supra, that the plaintiff had an adequate remedy by ordinary legal proceeding in the probate court to obtain the relief sought and that he could not bring an action direct in the district court to obtain that relief.

The defendants had argued also that the contract pleaded was not a contract that equity would enforce, since the services which the plaintiff alleged he had rendered decedent could have been compensated in money. We took that contention and held that as an additional ground for affirming the judgment that the contract pleaded was a contract for services that could be compensated in money and hence was not the sort of contract which equity would enforce. The result was that *Dixon v. Fluker,* supra, is an authority for the proposition that an action to recover money from an estate must be brought direct in the probate court.

*Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242, was an action brought in the district court whereby the plaintiff sought to impress a trust upon certain real estate in contravention of a devise made in a will, the cause of action being based on an oral agreement on the part of the testator. The demurrer of the defendant to the petition was overruled and on appeal we followed *Foss v. Wiles,* supra, and held that the probate court had exclusive original jurisdiction of the matter.

In *Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188, we had an action which was commenced in the district court against an administrator of an intestate deceased person to exhibit and establish a demand against the estate of the decedent arising out of an oral contract alleged to have been made by the decedent with the plaintiff. This was an action on a contract for money. Defendants demurred to the petition. The demurrer was sustained and the action was dismissed. On appeal to this court we reviewed the holdings in *Yeager v. Yeager,* supra, *Dixon v. Fluker,* supra, and *Foss v. Wiles,* supra, and held that it had been definitely determined that where a party had an adequate remedy for equitable relief in the probate court and that court was exercising its jurisdiction such party could not invoke the jurisdiction of the district court. We then examined the probate code and its many provisions and concluded that the probate court where the estate was being administered had exclusive original jurisdiction to hear such a demand. We reviewed the statutes which are relied upon by the appellees in this case and said:

"It needs no argument to sustain the view that when a person dies his ·in-

dividual capacity to respond in damages for his torts, to pay his debts, to carry out his contracts, and to distribute his estate ceases. Thereafter his financial obligations must be met by his estate. One who deems himself entitled to a part or all of such an estate, whether the right contended for is founded in tort, or upon oral or written contract, or under the will of the decedent, or under the statute of intestate succession, must recover, if at all, from the decedent's estate. Under our probate code the probate court is made the forum for the transaction of this business, and it is given original jurisdiction to probate the will, if decedent left one, to appoint an executor or an administrator of his estate, to require an inventory and appraisement of the assets of the estate, to hear the petition of any one who claims all or any part of the estate, after due notice to all parties interested so each may have his day in court, and ultimately to settle the accounts of the executor or administrator and to disburse the estate to those legally entitled thereto. Is there anything in our constitution which prohibits the legislature from giving the probate court original jurisdiction in all these matters? We find nothing. Indeed, it is not seriously contended that such a constitutional prohibition exists. Does it conflict with the jurisdiction given by our constitution or by our statutes to district courts? The answer must be in the negative, since our constitution leaves the jurisdiction of the district courts to the legislature and the legislature by statute has given the district courts original jurisdiction in all those matters where the original jurisdiction is not given to some other court." (p. 856.)

It will be noted that the above quoted language, insofar as it refers to a demand based on a tort, is *obiter dictum,* since the matter upon which the court was passing was a demand based upon a contract. The reason for the rule is more important in this case, however, than the rule itself. The reasoning upon all opinions applies with equal force to a demand based upon a tort or to a demand based on a contract. It would add nothing but confusion to the law to draw a distinction between an action on a contract and one on tort such as this. The opinions demonstrate that the matter turns upon a determination of the intention of the legislature. No reason appears why the intention of the legislature would be different in the matter of an action based on a tort than as to one based on a contract.

The plaintiff in this action relies on the provisions of G. S. 1941 Supp. 59-2238. This section provides, in part, as follows:

"Any action commenced against such executor or administrator after the death of the decedent shall be considered a demand legally exhibited against such estate from the time of serving the original process on such executor or administrator. The judgment creditor shall file a certified copy of the judgment in the proper probate court within thirty days after said judgment becomes final."

G. S. 1941 Supp. 59-2207 has also been called to our attention. That section provides, as follows:

"Any fiduciary of any estate or ward may be sued in the district court of the county in which he was appointed, or in which he resides. If the fiduciary does not reside in the county of his appointment, service may be had upon him by serving a summons in the county of his residence."

These sections were considered at the time of the decision in *Foss v. Wiles, Dixon v. Fluker* and *Yeager v. Yeager,* supra; they are discussed in *Egnatic v. Wollard,* and the opinion points out why it is the court holds that they do not give the district courts original jurisdiction concurrent with probate courts in matters such as we are discussing. We have again examined them in connection with our consideration of this case and have reached the same conclusion as has been announced heretofore in the opinions discussed. We hold, therefore, that the probate court where the estate of William Burr was being administered had exclusive original jurisdiction to hear the demand of the plaintiff in this action.

The appellee realizes the force of our decision in *Egnatic v. Wollard,* supra. He points out, however, that in the instant case the deceased's liability was covered by an indemnity insurance policy and on that account the plaintiff should be permitted to amend his petition so as to plead the insurance policy and to bring the case under the exception noted in *Egnatic v. Wollard,* supra, that where a demand is secured the plaintiff may bring the original action in the district court upon the security. The trouble with that argument is the well-settled rule that where an automobile owner, not a carrier required by law to carry liability insurance, has an indemnity policy the action may not be brought against the insurance company and no reference may be made to the insurance company in the trial of the action. See *Schoonover v. Clark,* 155 Kan. 835, 130 P. 2d 619; *Smith v. Republic Underwriters,* 152 Kan. 305, 103 P. 2d 858; *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276; *Powell v. Kansas Yellow Cab Co.,* 156 Kan. 150, 131 P. 2d 686. On account of that rule it will not be proper in this case to permit the petition to be amended so the insurance company would be made a party.

On account of the conclusion we have reached on the question of jurisdiction it will not be necessary for us to decide the other questions raised by the appeal.

It follows that the judgment of the trial court is reversed with

directions to sustain the demurrer of the defendant and enter judgment for him.

HARVEY, J. (concurring specially): I concur in the conclusion reached in the court's opinion, but wish to add: Our statute (G. S. 1941 Supp. 59-2239) relating to the kinds or classes of claims or demands to be presented to the probate court, in the estate of a decedent, reads:

"All demands, including demands of the state, against a decedent's estate, whether due or to become due, whether absolute or contingent, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor, or indemnitor, and including the individual demands of executors and administrators, . . ."

There is no reason to say that this is not broad enough to include demands arising by reason of the tort of the decedent. An action for wrongful death which did not exist at common law but rests entirely upon statute (G. S. 1935, 60-3203) is specifically covered.

Also, we may note G. S. 1941 Supp. 59-2267, enacted specifically to avoid the results of such cases as *Hill v. Honeywell*, 65 Kan. 349, 69 Pac. 334, and *Harter v. Miller*, 67 Kan. 468, 73 Pac. 74, reads:

"Any person having a demand, other than tort, against the estate of a ward, or against his guardian as such, may present it to the probate court for determination, and upon proof thereof procure an order for its allowance and payment."

The fact that the statute pertaining to the demands of the estates of wards under guardianship excludes demands for tort, while that relating to demands filed against estates of decedents does not exclude torts, is an additional indication that all kinds of demands against the estate of a decedent should be filed in the probate court without regard to the bases of their origin.

I think it important, not only to the courts but to the personal representatives of decedents' estates, to those having claims or demands of any character against such estates, and to heirs of the decedent or beneficiaries under his will, to have it known definitely that anyone who has any type of claim or demand against the decedent should present the same to the probate court in which his estate is being administered. I regard it as of but little importance that some persons might analyze our statutes and reach a conclusion that only certain classes of claims should be presented to the probate court, and others of some indefinite classification

should be presented in the district court, or that they might change their minds with respect thereto from time to time.

WEDELL, J. (concurring): I concur in the conclusion of the majority but do not agree with all that is said in the majority opinion relative to the theory or reasons for our decisions involving jurisdictional provisions of the new probate code. Other duties preclude writing my views at length, but that is probably unnecessary.

Does the fact the instant action sounds in tort relieve a claimant from first exhibiting his demand against the decedent's estate in the probate court? I do not think so, and on that point I think we cannot overlook what is said in the specially concurring opinion of Mr. Justice Harvey. In this connection it is also well to note that the demand in *Dixon v. Fluker,* 155 Kan. 399, 125 P. 2d 364, was held to be a legal demand,. compensable in money, and was required to be first exhibited in the probate court.

It is true that in tort actions of this character the parties are entitled to a trial by jury. The framers of the new probate code, who devoted much time and careful study to its provisions, did not overlook that right. In full recognition of the fact that probate courts would not have complete and final jurisdiction over all questions which might arise in connection with the administration of decedent estates, the framers and enactors of the new code expressly provided for such contingencies. G. S. 1941 Supp. 59-2402 reads:

"In any proceeding pending in the probate court when it appears that a decision upon any question of which the probate court does not have jurisdiction is necessary to a full determination of the proceeding, such question shall be certified by the probate court to the district court, having appellate jurisdiction thereof, which court shall proceed to hear and determine the same as though an action involving that question had been filed originally therein. The decision of the district court, when final, shall be certified to the probate court in like manner as a decision upon appeal."

See, also, *Erwin v. Erwin,* 153 Kan. 703, 708, 113 P. 2d 349 and *In re Estate of Henry,* 156 Kan. 788, 803, 137 P. 2d 222, in which latter case the provisions of G. S. 1941 Supp. 59-2408, expressly pertaining to trial by jury, were treated.

The procedure under the above statutes and others, in my opinion, was designed to protect the exclusive original jurisdiction of the probate court and, at the same time, to protect also the right of trial by jury in the district court in cases where the right of trial by jury exists.

I frankly concede my conclusions on the jurisdictional issue in this case and in some other cases decided under the new probate code are not based wholly upon what I conceive to be an entirely clear expression of legislative intent. I have not been able to completely harmonize all of the jurisdictional provisions of the new code and I prefer to say so. In addition, however, to the various specific provisions which expressly vest the probate court with exclusive original jurisdiction over demands against decedent estates, there clearly appears in the new code as a whole a fundamental and underlying intent and purpose to broaden the jurisdiction of that court. The reason for the desire to broaden such jurisdiction was to insure a speedier, a more orderly, adequate and systematic handling of all questions pertaining to the administration of decedent estates in one court insofar as was reasonably possible. The purpose and intent to transfer to the district court questions over which the probate court does not have jurisdiction is clearly expressed. The general purpose and intent to broaden the original jurisdiction of probate courts, as pointed out in *Erwin v. Erwin,* supra; *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438, and other cases decided long prior to the enactment of the new probate code, is in harmony with the best modern thought and legislation upon the subject.

The duty of district courts and of this court now, it seems to me, is to give force, as far as is reasonably possible, to the general fundamental purpose as reflected by the new code as a whole, as well as by its various express provisions, rather than to sections of the code which appear to be inconsistent with its general underlying purpose and inconsistent with express provisions which clothe the probate court with exclusive original jurisdiction. If after this has been done amendments appear necessary to clarify, strengthen and preserve those fundamental purposes, the bench and bar may be depended upon to see that the necessary amendments are made. On the other hand, if it is believed our interpretation of the code is not in harmony with the legislative will or with the best thought upon the subject, the bench and bar have the right to advocate such changes as in their judgment are deemed advisable.

Dawson, C. J. (concurring): I concur in the reversal of the judgment, and have little criticism to offer as to the method of treating the controlling legal question in the majority opinion; but I regard

the specially concurring opinions of Mr. Justice Harvey and Mr. Justice Wedell as important to clearly reflect the opinion of the court. Since the adoption of the new probate code there is no longer any excuse for drawing a distinction between claims at law and claims in equity in respect to the *original* jurisdiction of the probate court.

SMITH, J. (dissenting): The question when to express an inability to agree with the majority of the court is as perplexing a one as ever confronts any justice. Our beloved former Chief Justice William A. Johnston told the writer years ago that a dissent should be written only when a fundamental principle is involved. This problem becomes doubly difficult when the matter upon which the justice is unable to agree with the rest of the court has received recent consideration by the court or is deemed to be well settled by the decisions of the court or where the justice himself has written the opinion of the court wherein the majority view was expressed.

However, the action of the court is only the judgment of its individual members set down in an opinion. To make a mistake in judgment is one of the frailties to which justices are susceptible, along with the rest of the human race. To persist in an error, however, after one has determined that it is an error is unforgivable. John Stuart Mill said that the human race was only able to make progress because its mistakes were corrigible and by consideration and discussion could be corrected from time to time.

All these observations lead me to the statement that I am unable to agree with the opinion of the court as expressed in this case and in *Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188. I say this even though I was the author of the opinion in *Dixon v. Fluker,* 155 Kan. 399, 125 P. 2d 364. When the Foss case and the Dixon case and the Yeager case were submitted, I, myself, was influenced to a great extent by subdivision 12 of G. S. 1939 Supp. 59-301 that gave the probate courts equitable powers. I still adhere to the rule announced in the Foss case and the Yeager case and so much of the Fluker case as deals with the rule that an action in equity to enforce an oral contract, to convey or bequeath real estate must be brought in probate court. I do not adhere to so much of that opinion as may be interpreted as an authority that an action on a contract to recover money from an estate must be brought direct in probate court. When it became my duty to write the opinion in this case I again

read and re-read *Egnatic v. Wollard,* supra. The author of that opinion had made an exhaustive study of the subject and brought every available argument to bear upon the question. It is a powerful and well-considered opinion. However, much to my chagrin, the more I read it the less convinced I became that it led to a sound conclusion. In my opinion, G. S. 1941 Supp. 59-2238 and 59-2207 should be given much more force than they are given in that opinion. I believe they are a positive indication of legislative intent that the cases which had been up to the time of the passage of the act properly brought in district court should be brought there under the new code. A further scrutiny of the argument that one entitled to a jury trial is not deprived of the jury trial because there is a right of appeal to the district court from the action of the probate court has failed to convince me of its soundness. It seems that if the legislature had intended to make such a sweeping change it would have so provided in clear and concise and unambiguous language. This it did not do. As far as making a distinction between cases that may be brought in the district court in the first instance and those that must be brought first in probate court, I would be content with a rule that cases known as law cases, such as actions on contracts or on torts, such as this, might be brought directly in the district court while the cases to be settled by equitable principles must be brought directly in the probate court. Or the rule could well be that in cases where the parties are entitled to have the issues. of fact submitted to a jury the action might be brought directly in district court. It seems to me there is logical argument for making that distinction in view of. the language about giving equitable powers to probate courts, which has already been quoted herein.

For all of these reasons I wish to announce that I do not now agree with the decision in *Egnatic v. Wollard,* supra, and that I do not concur in this opinion.