No. 36,095

WEBBER MALCOLM, as Administrator of the Estate of Albert Renspeas, Deceased, *Appellant*, v. CARL E. LARSON, *Appellee*.

(148 P. 2d 291)

Opinion filed April 8, 1944.

*C. Vincent Jones,* of Clay Center, argued the cause, and *Wayne W. Ryan,* of Clay Center, was on the briefs for the appellant.

*Oscar E. Peterson,* of Clay Center, argued the cause, and *W. M. Beall,* of Clay Center, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is whether the trial court erred in denying plaintiff's motion to dismiss defendant's cross petition for want of jurisdiction.

On January 23, 1943, plaintiff commenced his action in the district court. The petition alleged that plaintiff was the duly appointed, qualified and acting administrator of the estate of Albert Renspeas, who died November 6, 1942, being at the time of his death the owner

of certain personal property of the reasonable value of: $957.50, an exhibit being attached showing the items and value of that property; that defendant had wrongfully taken possession of the property, claimed to own it and had converted it to his own use; that plaintiff waived the tort and was entitled to recover the value of such property as on implied contract. He prayed judgment accordingly.

To this petition, defendant filed an answer and cross petition. In his answer defendant alleged that he and Renspeas occupied a farm belonging to the latter, under an arrangement where each owned a one-half interest in sixty-seven head of sheep; that defendant owned the property set forth in the above-mentioned exhibit, as well as certain other personal property; that Renspeas, in addition to the share of crops and a one-half interest in the sheep, owned certain other described personal property and that about November 24, 1942, the administrator, with full knowledge of all the facts, procured an order of sale from the probate court and sold to the defendant all of the personal property on the farm which belonged to Renspeas, it being understood and agreed by the administrator and the defendant that all of the personal property on the farm and belonging to the estate of Renspeas was thereby sold. Copies of various probate court records were attached as exhibits.

In his cross petition defendant alleged that in 1942 there was sold from the farm wool in the amount of $209.41, and sheep in the amount of $443.17, in which defendant had a one-half interest, but that the proceeds were deposited to the credit of Renspeas, and by reason thereof the estate of Renspeas should account to defendant for one-half of the proceeds. The prayer of the answer and cross petition was that plaintiff be denied a recovery of any amount upon his petition, but that he be required to account for the amount belonging to defendant and directed to pay such amount to the defendant.

Plaintiff filed his motion setting forth that the district court had no jurisdiction of the matters and things alleged in the cross petition and moved that the cross petition be dismissed for lack of jurisdiction. This motion was denied and plaintiff appeals. Both parties treat the motion as though it were a demurrer and we shall so consider it.

We here note that there is no claim that any partnership existed, and that defendant had any right as surviving partner to administer the partnership estate.

In support of the trial court's ruling, the appellee construes his cross petition as an assertion of his ownership of one-half of the proceeds of the property sold and which were deposited to the credit of Renspeas, and he argues that if the deposit was made by mutual agreement or in some other manner in which he did not part with his ownership, there should be no reason why he is not legally entitled to prove his interest. The argument assumes facts not pleaded. As has been stated, in his answer defendant pleaded an oral agreement between himself and Renspeas, whereby each was entitled to a one-half share in the crops produced and each of them owned a one-half share of the sheep. Giving to the cross petition a liberal interpretation, all that is alleged is that Renspeas sold jointly-owned property and failed to account to defendant for one-half of the proceeds. Defendant asks for an accounting and that the administrator be directed to pay him. Ordinarily a prayer is no part of a petition or answer but at times it is informative. We think that defendant is not seeking recovery of a specific asset which he owned, but is merely asserting a claim against the estate. Under repeated decisions of this court that claim had to be pursued in the probate court. See *Egnatic v. Wollard*, 156 Kan. 843, 137 P. 2d 188, and cases cited. Had the defendant instituted an original action on the same matters alleged in his present cross petition, it would have had to be in the probate and not in the district court.

Appellee, however, further directs our attention to those provisions of the code of civil procedure that in an answer a defendant may set up a counterclaim or setoff (G. S. 1935, 60-710) and that—

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or setoff could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands must be deemed compensated so far as they equal each other." (G. S. 1935, 60-715.)

and contends that by reason thereof, he may assert the matters alleged in his cross petition.

It may be observed that the allegations of the cross petition are such that they do not constitute a counterclaim under the definition of our code. (G. S. 1935, 60-711.) They may, however, constitute a setoff under provisions of section 60-713 of that code.

We here note appellant's contention that the above-quoted statute has no application here for the reason that no cross demands existed

in the lifetime of Renspeas; that at his death he was in possession of the property converted, and that the conversion occurred thereafter. We shall not pursue the argument to determine whether it is sound.

The general rule as to when the court may entertain a setoff is stated thus in 57 C. J. 374:

"In the absence of statutory provisions extending its jurisdiction a court may entertain a counterclaim, setoff, or reconvention only where it would have jurisdiction to entertain the claim originally; and the cross demand must be within the jurisdiction of the court as to subject matter, amount, or territorial limitations, . . ."

That rule was followed by this court in *Lyman v. Stanton*, 39 Kan. 443, 18 Pac. 513, 40 Kan. 727, 20 Pac. 510, wherein territorial limitations were involved. See, also, *Penn. R. R. Co. v. Musante et al.*, 42 F. Supp. 340, and 47 Am. Jur. 736.

The record as abstracted does not disclose the trial court assigned any reason for its ruling, but it is stated in appellant's brief the trial court held the view that if an action based upon the allegations of the cross petition had been originally filed in the district court, that court would not have had jurisdiction, but that it seemed to be the view of the trial court the matters could be pleaded as a matter of pure defense, and considerable space in the briefs is devoted to that phase of the matter. Both parties refer to *Muckenthaler v. Noller*, 104 Kan. 551, 180 Pac. 453, in which it was held:

"Statutes of limitation are not applicable to mere defenses.

"Section 24 of the code of civil procedure, which declares that, 'When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense,' is construed to mean that a barred right of action cannot be used as a setoff, or counterclaim, or for the purpose of obtaining affirmative relief, but not to apply to matters of pure defense." (Syl. ¶¶ 3, 4.)

It is not clear that the rule of that case is applicable here. According to the record as abstracted Renspeas died November 6, 1942, and an administrator of his estate was appointed soon thereafter. The present action was filed January 23, 1943, the answer and cross petition was filed March 19, 1943, and at the later date no claim was barred. In the Muckenthaler case, the trial court had held a defense that defendant's signatures had been procured by fraud was barred. The correctness of that holding was the principal basis of the appeal, and it was the determination thereof that led to the rulings quoted above. The above case and others that followed it

were all noticed in *McCarthy v. Sink*, 152 Kan. 659, 107 P. 2d 790, and in the course of the opinion it was said:

"In the cases where the rule stated was applied, the defensive matter was connected with and grew out of the same transaction or matter which formed the basis of the plaintiff's claim." (l. c. 671.)

Were the rule of the Muckenthaler and succeeding cases followed we would still be confronted with the fact that the alleged conversion by the defendant and the alleged basis of accounting did not arise out of the same matter, and only by going back to the original arrangements between Renspeas and the defendant may it be said they pertain to any transaction common to the claims of both.

Further, an examination of the cross petition shows it was not pleaded as a matter of pure defense. It seems clear from that pleading, the purpose was that regardless of the outcome of the cause of action alleged in the petition and as defended in the answer, the cross petitioner sought to recover a money judgment against the estate of Renspeas.

We think the trial court erred in its ruling, which is reversed and set aside.

WEDELL, J. (concurring): I concur in the result but not in a distinction which inheres in the opinion as between a claim or demand *against an estate for money* and a claim *to property of a decedent's estate,* based on the theory claimant has title thereto. The opinion states:

"We think that defendant is *not seeking recovery of a specific asset which he owned,* but is merely asserting a claim *against the estate.* Under repeated decisions of this court *that claim* had to be pursued in the probate court. See *Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188 and cases cited." (Emphasis supplied.)

From the above quotation the reader well may infer that a claim to a portion of a decedent's estate based upon the theory claimant has title thereto and is the owner thereof, is not a claim or demand which must be asserted in the probate court. We repeatedly have held to the contrary. We squarely have held the demand statute, G. S. 1943 Supp. 59-2239, was intended by the legislature to be all-inclusive. We have said it embraced claims and demands of every type and character *against* a decedent's estate and *to his estate* and that they must all be filed in the probate court, except where express provision is made for filing them in the district court. A few of the decisions are *Erwin v. Erwin,* 153 Kan. 703, 708, 113 P. 2d 349;

*Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438; *Dixon v. Fluker,* 155 Kan. 399, 125 P. 2d 364; *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242; *Swisher v. Bouse,* 155 Kan. 797, 130 P. 2d 565; *Bebee v. Beem,* 156 Kan. 115, 117, 131 P. 2d 675; *Egnatic v. Wollard,* 156 Kan. 843, 856, 137 P. 2d 188; *Burns v. Drake,* 157 Kan. 367, 371, 139 P. 2d 386; *In re Estate of Grindrod,* ante, p. 345, 148 P. 2d 278, No. 36,051 and No. 36,063, this day decided.

In none of· the above decisions was the claim or demand *against the estate for money.* It was specifically a claim or demand to all or a portion of the decedent's estate based upon the theory claimant *had title thereto and was the owner thereof.* It is true that in the above-cited cases, except the last, the basis of the title claimed was contractual but the principle enunciated therein, as will presently appear, was far broader than a claim of title based on contract. In the instant case, however, the claim or demand contained in defendant's cross petition arises out of a contractual relationship.

In a very recent pronouncement of this court in the case of *Burns v. Drake,* supra, the precise and sole question presented in the probate court was whether a claim *to·a portion of the estate,* namely land, *based upon the theory claimant had title thereto,* was within the purview of our probate code "demand statute," G. S. 1943 Supp. 59-2239, which requires demands *against* an estate to be asserted in the period fixed thereby. We reviewed many of our former cases and in a well-reasoned opinion, held:

"An action against a decedent's estate, in process of administration, for specific performance of an oral contract, alleged to have been made by the decedent, to convey by deed or will real property *which is part of the estate,* constitutes a 'demand' within the meaning of the nonclaim statute of the probate code, G. S. 1941 Supp. 59-2239." (Syl. ¶ 1.) (Emphasis supplied.)

In the course of that opinion written by Mr. Justice Hoch we quoted with approval (p. 370) from our previous opinion in *Egnatic v. Wollard,* supra, as follows:

"It needs no argument to sustain the view that when a person dies his individual capacity to respond in damages for his torts, to pay his debts, to carry out his contracts, and to distribute his estate ceases. Thereafter his financial obligations must be met by his estate. One who deems himself entitled *to a part or all of such an estate, whether the right contended for is founded in tort, or upon oral or written contract, or under the will of the decedent, or under the statute of intestate succession,* must recover, if at all, from the decedent's estate. Under our probate code the probate court is made the forum for the transaction of·this business, and it is given original jurisdiction to probate the

will, if decedent left one, to appoint an executor or an administrator of his estate, to require an inventory and appraisement of the assets of the estate, to hear the petition of anyone who claims *all or any part of the estate,* after due notice to all parties interested so each may have his day in court, and ultimately to settle the accounts of the executor or administrator and to disburse the estate to those legally entitled thereto." (p. 856.) (Emphasis supplied.)

The above statement from the Egnatic case was quoted at length also in *Shively v. Burr,* 157 Kan. 336, 340, 139 P. 2d 401, which was an action for damages under our wrongful death statute against the administrator of a decedent's estate. I shall further refer to the Shively case later.

In the Burns case we further emphatically stated:

"We cannot agree that the word 'demands' refers solely to claims to be paid in money. *In view of the fundamental purposes sought to be accomplished by the new code* we think the legislature intended the term 'demands' as here used to be *all-inclusive*—to include *all demands against the estate,* whether legal or equitable in character, except in particular cases where the statute may expressly provide otherwise." (Emphasis supplied.)

In the same opinion we again clearly stated our reasons for concluding the legislature intended the demand statute to be all-inclusive and that it therefore embraced a claim to all or a portion of the estate, based upon the theory claimant had title thereto, as follows:

"All property in the estate is drawn into administration. Upon final settlement the court must determine the heirs, devisees, legatees, and by decree make proper assignment. *The determination of an issue such as that here involved is as much a prerequisite to distribution as any money demand. To hold otherwise would defeat one of the purposes of the code—the plain legislative intent to unify administration and expedite the closing of decedents' estates."* (p. 371.) (Emphasis supplied.)

This court has placed a progressively liberal interpretation upon the demand statute of the probate code in order to make it clear to all concerned that claims or demands irrespective of their type or character must be filed, except where the code provides otherwise, in the probate court. In an able, specially concurring opinion by Mr. Justice Harvey in *Shively v. Burr,* supra, it was said:

"I think it important, not only to the courts but to the personal representatives of decedents' estates, to those having *claims or demands of any character* against such estates, and to heirs of the decedent or beneficiaries under his will, to have it known definitely that anyone who has *any type of claim or demand* against the decedent should present the same to the probate court in which

his estate is being administered. I regard it as of but little importance that some persons might analyze our statutes and reach a conclusion that *only certain classes of claims should be presented to the probate court, and others of some indefinite classification* should be presented in the district court, or that they might change their minds with respect thereto from time to time." (p. 342.) (Emphasis supplied.)

In a case this day decided, *In re Estate of Grindrod*, ante, p. 345, 148 P. 2d 278, an heir at law was ignored by the will of her half sister. The will was admitted to probate without objection by the heir at law of any kind or character whatsoever. Under the probated will the heir at law, of course, could receive nothing. She was obliged to assert her claim as an heir at law in some manner or she would receive no portion of the decedent's estate. In order to obtain a portion of such estate as an heir at law she attempted to appeal to the district court from the order admitting the will to probate and to contest the will for the first time in the district court. We held:

"A will contest action instituted by an heir at law for the purpose of obtaining distribution of a decedent's estate under the law of intestate succession is tantamount to a claim or demand to a portion of the decedent's estate and as such must be filed in the probate court." (Syl. ¶ 6.)

In view of these decisive rulings and conclusions in the numerous cases cited herein and others which might be cited, I regard it as wholly immaterial whether defendant's cross petition be regarded as a demand to a portion of the decedent's estate on the theory he had title thereto and was the owner of the funds in question or whether it be regarded as a money demand against the decedent's estate in the same amount. I think we should frankly so state in order to avoid unnecessary confusion in the interpretation of our decisions.

SMITH and PARKER, JJ., join in the foregoing concurring opinion.