No. 28,518.

O. N. Powers, *Appellant*, v. Roy Schultz et al., *Appellees.*

(274 Pac. 735.)

Opinion filed February 9, 1929.

*Thomas W. Clark,* of Pittsburg, for the appellant.

*A. H. Carl,* of Girard, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This was an action originally brought in the city court of Pittsburg by O. N. Powers against Schultz brothers to recover $700 for the wrongful conversion and also the loss of the use of a number of articles.

An answer was filed by defendants, to which a reply was made by plaintiff. Affidavits for garnishment were presented upon which summons was issued. It appears that six continuances were asked for and granted for various reasons and some of them were obtained by agreement of parties, the continuances running from July 27, 1927, to February 7, 1928. At the latter date the case was called for trial, when plaintiff announced that he was ready, but counsel for defendants stated that he was not ready because his clients who were on the way could not reach the court until the afternoon of that day. The court ruled against further postponement of the case and made the following entry:

"And it appearing to the court that said cause had been continued from

time to time to suit the convenience of the parties, and the case should not be further continued, counsel for defendants stated to the court that his client could not be in court for hearing and trial until three-thirty in the afternoon of said day, and consented that judgment might be taken by default. Now, therefore, in view of the foregoing premises, it is the order and judgment of the court that the plaintiff O. N. Powers do have and recover of and from the defendants and each of them judgment for the sum of $700 and the costs of this action."

On the following day the defendants undertook to appeal from the judgment of the city court to the district court and a full transcript of the proceedings in the city court was filed in the district court. When the case was reached in the district court plaintiff moved to dismiss the appeal on the ground that the judgment rendered was not one from which an appeal might be taken. The motion was overruled, whereupon counsel for plaintiff withdrew from the case. Some testimony was then offered by the defendants, at the close of which the court entered judgment dismissing the action without prejudice to a future action. From this judgment plaintiff has appealed and is insisting here that the judgment of the city court as rendered was in fact a judgment by confession, and therefore not one from which an appeal is allowed, and that is the question presented here for review.

The city court is clothed with the powers, duties and jurisdiction of a justice of the peace, except that the city court has jurisdiction for the recovery of money up to the amount of $1,000. Plaintiff calls attention to the code provision with reference to the allowance of appeals, which provides:

"An appeal may be taken from the final judgment of a justice of the peace in any case except in cases hereinafter stated, in which no appeal shall be allowed: First, on judgments rendered on confession; second, in jury trials where neither party claims in his bill of particulars a sum exceeding twenty dollars." (R. S. 61-1010.)

Can the judgment rendered in the city court be regarded as one by confession? We think not. The attorney for defendants consented that judgment might be entered as by default, not by confession. Provision is made by a statute regulating the taking of judgment by confession and the general rule is that there must be a strict compliance with statutory regulations respecting the entry of judgment by confession. (*McCrairy v. Ware*, 6 Kan. App. 155; 34 C. J. 102.) It is provided that:

"Judgments may be entered upon confession by an attorney authorized for

that purpose by a warrant of attorney, acknowledged or proved as conveyances of land, without any previous process or proceeding; and judgments so entered shall be a lien from the date of entry." (R. S. 60-3111.)

Another provision provides:

"Before any judgment shall be entered by confession, an affidavit of the defendant must be filed, stating concisely the facts on which the indebtedness arose and that the amount of such indebtedness is justly due and owing by the defendant to the plaintiff." (R. S. 60-3113.)

Still another provision is that:

"Every attorney who shall confess judgment in any case shall at the time of making such confession produce the warrant of attorney for making the same to the court before which he makes the confession, and the original or a copy of the warrant shall be filed with the clerk of the court in which the judgment shall be entered." (R. S. 60-3115.)

There was no compliance with any of these statutory provisions and hence the judgment rendered cannot be regarded as one by confession from which no appeal can be taken. It is no more than a judgment by default, and an appeal from a judgment by default is not prohibited by the legislature. Here the defendants had filed an answer denying liability for damages. The court had refused to postpone the case for a few hours until the defendants who were on the way might arrive. It is said that the car in which the defendants were coming to the court became "stuck in the mud." The attorney for defendants was therefore without clients or witnesses and was forced to agree that judgment might be taken by default. It was an action in tort in which unliquidated damages were claimed. There was no agreement as to the amount, if any, of the damages sustained, and no proof of them was produced. The default did not admit the amount of damages, and it was incumbent on plaintiff to prove the extent of the damages and this was not done. It is needless, however, to discuss the effect of a judgment by default since the statute does not prohibit appeals from such judgments. As the judgment involved was not a judgment by confession the defendants were entitled to appeal from it, and therefore the district court did not err in its refusal to dismiss the appeal taken from the judgment.

The judgment is affirmed.