No. 36,051

In re Estate of Ida E. Grindrod, Deceased. (GALA GUSTAFSON, *Appellee,* v. MAY BOWLING, Residuary Legatee, *Appellant.*)

No. 36,063

In re Estate of Ida E. Grindrod, Deceased. (GALA GUSTAFSON, *Appellee,* v. WILLARD J. BREIDENTHAL, Executor, *Appellant.*)

(148 P. 2d 278)

Opinion filed April 8, 1944.

*Louis R. Gates,* of Kansas City, argued the cause for appellant May Bowling; *N. E. Snyder,* of Kansas City, argued the cause for appellant Willard J. Breidenthal.

*Elmer E. Martin,* of Kansas City, argued the cause, and *David F. Carson,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The appeals in cases No. 36,051 and No. 36,063 present the same general questions and have been consolidated by agreement of the parties. The principal question presented is whether an appeal may be taken by an opponent of a will from an order admitting a will to probate when the opponent had proper notice of the hearing for probate and made no objection thereto.

The question arises out of the overruling of the separate demurrers of Willard J. Breidenthal, executor of the will of Ida E. Grindrod, deceased, and May Bowling, residuary legatee under the will. These demurrers were lodged against a pleading filed in the district court by Gala Gustafson, appellee here, the opponent of the will who was a half sister of the testatrix. The pleading was filed by Gala Gustafson, appellant in the district court, pursuant to an order of that court and was denominated, "Objections to the Probate of the Will." The parties agree that pleading, among other things, alleged incapacity of the testatrix to make a will and was tantamount to what, prior to the new probate code, was known as a will contest action. The grounds of the demurrers were identical and, in substance, were: (1) The district court had no jurisdiction of the subject matter; (2) the pleading, "Objections to the Probate of the Will," did not state facts sufficient to constitute a defense to the petition to admit the will to probate; and (3) that pleading did not state facts sufficient to constitute grounds for the contest of the will.

Before treating the merits of appellants' contentions that the trial court erred in overruling their demurrers, we are confronted with contention of appellee that the appeal to this court is not in time and should be dismissed. The contention is based upon the ground

the appellants in this court had filed motions in the district court to dismiss the appeal to that court which raised the same question of that court's jurisdiction as was later raised by the demurrers. Appellee points out those motions were overruled and that no appeal has been taken from such rulings. Appellee argues that since the demurrers raised the same question which was determined by the order overruling the motions to dismiss and since no appeal was taken from the rulings on their motions, appellants cannot now appeal from the order overruling their demurrers. The contention is not good. The orders denying the motions to dismiss the appeal to the district court were not final orders and therefore were not appealable. (*Montgomery Ward & Co. v. Ellis*, 152 Kan. 320, 103 P. 2d 817, and cases therein cited.) Appellee's contention is unsound for at least one other reason but it need not be treated.

Appellants' contentions that the district court erred in holding it had jurisdiction of the appeal are, in substance, as follows:

(1) Appellee's pleading first filed in the district court and denominated, "Objections to the Probate of the Will," admittedly constitutes an attempt to contest the will. The probate court has exclusive original jurisdiction of such an action. (2) Appellee, a nonresident of this state, had not only notice of the hearing for probate by virtue of the required publication notice thereof, but had actual knowledge thereof; was in this state prior to the hearing for probate, and consulted counsel concerning the contents of the will and the hearing for probate. By failure to oppose the probate of the will appellee waived her right to object to its probate in the district court and is now estopped from doing so. (3) The contest of the will constitutes merely the means or method appellee has chosen to obtain her share of the decedent's estate which she claims as an heir at law. (4) Every claim or demand against a decedent's estate must be presented in the probate court unless the new probate code expressly permits it to be asserted by an action in the district court. The instant claim of appellee as an heir at law is not one of the latter class. (5) The claim of appellee is barred for the reason it was never asserted in the probate court and was not asserted in the district court within nine months from the date of the first publication notice to creditors. (6) If the instant appeal to the district court lies without first objecting to the probate of the will in the probate court, the attempted appeal is not valid for the reason it was not, in fact, taken by appellee.

In support of appellee's contention an appeal may be taken from an order admitting a will to probate although no objection to its probate was made in the probate court, she relies upon pertinent provisions of G. S. 1943 Supp. 59-2401, which provide:

"An appeal to the district court may be taken from any of the following orders, judgments, decrees, and decisions of the probate court:

"(1) An order admitting, or refusing to admit, a will to probate.

. . . . . . . . . . . . . .

"(21) A final decision of any matter arising under the jurisdiction of the probate court."

Appellee relies also upon G. S. 1943 Supp. 59-2404, which reads:

"Such appeal may be taken by any person aggrieved within thirty days after the making of such order, judgment, decree, or decision: *Provided,* That an appeal may be taken within nine months from an order admitting, or refusing to admit, a will to probate."

Appellee contends the particular question presented in this case has not been definitely ruled upon by this court under the provisions of the new probate code but she thinks the opinion *In re Estate of Reed,* 157 Kan. 602, 142 P. 2d 824, is instructive. It is true the precise question of appeal has not been determined under the provisions of the new code. We, however, do not believe the opinion in the Reed case throws much, if any, light upon the question now before us. A careful reading of that opinion will disclose the precise point now presented was not raised or decided in that case.

Appellee further contends the proposition of law involving the right of appeal is settled in this state by reason of the construction this court has placed upon a similar statute. She refers to G. S. 1935, 61-1010, pertaining to appeals from justice of the peace courts, which reads:

"An appeal may be taken from the final judgment of a justice of the peace in any case except in cases hereinafter stated, in which no appeal shall be allowed: *First,* on judgments rendered on confession; *second,* in jury trials where neither party claims in his bill of particulars a sum exceeding twenty dollars."

Appellee stresses the fact that in determining the question of the right of appeal under that statute this court might have followed the construction adopted by the Supreme Court of Nebraska, which denied the right of appeal from a default judgment under a similar justice of the peace court statute, but that this court refused to do so and followed the construction placed upon similar statutes by the courts of Iowa, Indiana and California which held there was an

appeal from a default judgment rendered by a justice of the peace. (*L. T. & S. W. Rly. Co. v. Forbes,* 37 Kan. 445, 452, 15 Pac. 595.) The decision in that case was followed in *Powers v. Schultz,* 127 Kan. 598, 274 Pac. 735. In the Powers case this court said:

"It is needless, however, to discuss the effect of a judgment by default since the statute does not prohibit appeals from such judgments. As the judgment involved was not a judgment by confession the defendants were entitled to appeal from it, and therefore the district court did not err in its refusal to dismiss the appeal taken from the judgment." (p. 600.)

Appellee points out that the appeal provisions of the probate code do not restrict appeals to cases in which the petition for probate was opposed in the probate court. It is true those particular statutes are not expressly so restricted. But is that fact in itself conclusive on the precise question before us? We do not think so.

The precise question now presented is whether under the new code the legislature intended the appeal statutes should be so construed as to permit a will contest action to be tried originally in the district court. If appellee's contention is sustained that is the court in which grounds for contest of a will may be asserted for the first time and the contest action originally tried. This is true for the simple reason that under the new code actions on appeal to the district court are tried *de novo*. That is, on appeal they are tried in the district court just as though that court *would have had* original jurisdiction to try a will contest action. (G. S. 1943 Supp. 59-2408; *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438.)

The question at issue is not whether it would be wise to permit defenses to a will or objections to its probate to be made originally in the district court. The solution of that question was solely a legislative prerogative and we have held the legislature exercised that prerogative by denying such jurisdiction to the district court. The former statute, G. S. 1935, 22-223, which authorized the bringing of a civil action in the district court to contest a will was repealed by the new code. (Laws 1939, ch. 180.) In *Foss v. Wiles,* supra, we held:

"Under the Kansas probate code, effective July 1, 1939, the probate court in which a will has been probated has exclusive original jurisdiction to entertain a proceeding to contest the will." (Syl. ¶ 6.)

In *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242, an action was brought in the district court to impress lands with a trust which was in derogation of the terms of the will. We adhered to the old estab-

lished rule on the subject of what constituted a contest of a will and held:

"An action brought for the purpose of getting rid of a will, or of defeating the testator's intent as therein expressed, or of rendering nugatory the provisions of the will is an action to 'contest' the will and may only be brought in conformity with the statutes applicable to the contest of wills." (Syl. ¶ 1.)

In the course of the opinion in the Yeager case we said:

"Did the district court have original jurisdiction to entertain the instant action, which was, in effect, an action to contest a will? That question was squarely determined in the negative in the recent case of *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438. It was there held that under the present probate code which became effective July 1, 1939, the probate court in which a will is offered for probate has exclusive original jurisdiction to entertain a proceeding to contest the will. The question was fully discussed in the opinion in that case and need not be discussed here. District courts now have jurisdiction in such matters only upon appeal." (p. 735.)

Manifestly in the instant case the district court would not be entertaining appellate jurisdiction of a will contest action when there had been no contest of the will or objections to its probate in the probate court. To now hold that the appeal statutes should be so construed as to enable the opponent of a will to contest it for the first time in the district court clearly would be wholly inconsistent with our previous decisions upon the subject. To now hold that an appeal lies to the district court, under the circumstances in the instant case, would result in permitting appellee to do by indirection what she is prohibited from doing directly. Such a decision would nullify the legislative intent by reinstating precisely what the lawmakers deliberately repealed. We do not believe we are justified in considering the appeal statutes entirely by themselves, as appellee does, and by so doing place upon them a construction out of harmony with other provisions of the probate code and one which obviously defeats the clear legislative purpose to grant to probate courts the exclusive original jurisdiction in will contest actions.

The opinion on this phase of the lawsuit might well end here. A mere glance, however, at other provisions of the new code and our former decisions lends support to the view the lawmakers must have intended probate courts should have exclusive original jurisdiction over any sort of action designed to defeat a will. Analysis of the new code discloses the legislature made no provision whatsoever for a so-called "will contest action" in the district court or in the probate court. The new code nowhere mentions a "will contest action"

as such. Of course, that does not mean a will cannot be opposed or contested. It simply means we are required to look further to ascertain the legislative intent as to how and where opposition to a will must first be expressed. The legislature expressly provided *an* opportunity for opposing a will upon *any ground* at the hearing of a petition for probate. G. S. 1943 Supp. 59-2224, being the section pertaining to such hearing, in part provides, "Any heir, devisee, or legatee may prosecute or oppose the probate of any will." G. S. 1943 Supp. 59-2222 requires the probate court to fix the time and place of such hearing and directs that notice thereof be given pursuant to the provisions of G. S. 1943 Supp. 59-2209, unless the court shall make an order to the contrary, etc. No order to the contrary was made in the instant case. G. S. 1943 Supp. 59-2210 prescribes the form of notice to be given when the court does not make a contrary order or the notice is not waived. The notice prescribed requires the person notified to file *his written defenses* to the petition for probate on or before the day indicated in the notice and further provides that on failure to make such defenses, ". . . judgment and decree will be entered in due course upon said petition." Under the new code *every probate proceeding,* including the exhibition and allowance of demands against an estate, was made an adversary proceeding while in many instances under the old code it was merely *ex parte.* (*Egnatic v. Wollard,* 156 Kan. 843, 854, 137 P. 2d 188; *In re Estate of Reed,* 157 Kan. 602, 612, 142 P. 2d 824.) From these various statutes and our decisions it clearly appears the legislature intended objections to a will, whatever the nature or character of the objections might be, should be asserted originally in the probate court. This statement, however, must not be interpreted to mean that on proper appeal to the district court from a contested order admitting a will to probate or from a probate court judgment in a will contest action that the action on appeal is not to be tried *de novo* in the district court. The statute provides it may be so tried on appeal. (G. S. 1943 Supp. 59-2408.)

From what has been said it is clear the hearing for probate was intended to be at least one of the occasions for asserting opposition to a will in the probate court. In the instant case the will was not challenged in the probate court at any time or in any manner and that, we think, is fatal to the attempted appeal. In this case we therefore need not decide whether the hearing for probate presents the only opportunity for opposing a will in the probate court and

for obtaining a ruling on such opposition prior to the time allowed for appeal to the district court.

There is another reason for believing the legislature intended opposition to a will should be asserted in the probate court. Lawyers and judges well understand that evidence of incapacity of a testator or evidence of undue influence in the making of a will may not always be discovered until after a will has been probated. The legislature was not unmindful of that fact. It supplied a remedy for such and other contingencies by providing a right to vacate or modify probate court orders, judgments and decrees in the probate court. G. S. 1943 Supp. 59-2213 reads:

"No judgment or decree shall be rendered in a probate proceeding without proof. The court shall have control of its orders, judgments, and decrees for thirty days after the date of the rendition thereof. Thereafter such orders, judgments and decrees may be vacated or modified as provided by section 605 [See G. S. 1935, 60-3016.] of the code of civil procedure."

Here again we need not determine in the instant case whether G. S. 1943 Supp. 59-2213, provides the exclusive remedy in the probate court for vacating or modifying an order of probate. The statute is cited here only for the purpose of emphasizing the legislative intent with respect to the original jurisdiction of the probate court on the subject under consideration. We think it was intended applicable remedies provided in the probate court to an opponent of a will should be exhausted in that court prior to the perfecting of an appeal to the district court.

It readily may be conceded there are decisions from other jurisdictions based solely on the construction of appeal statutes similar to our own which decisions on the surface appear to be contrary to the views herein stated. In the absence, however, of the legislative history of the probate law in such states and their decisions interpreting other pertinent provisions of their codes, such decisions cannot be very helpful on the precise question now before us. We would have little or no trouble agreeing with the construction placed by appellee upon our appeal statutes if they could be construed independently and without regard to the obvious intent disclosed by other pertinent provisions of the new code and without regard to our former decisions on the subject of the probate court's exclusive original jurisdiction. The difficulty with appellee's contention, as previously stated, is that the true legislative intent with respect to our appeal statutes cannot be ascertained by considering the appeal statutes by themselves.

It also may be stated that our own decisions rendered prior to the adoption of the new code are not helpful in this case. That includes *In re Perkins,* 145 Kan. 611, 66 P. 2d 420, decided prior to the adoption of the new code. At that time we had no statute requiring the filing of written defenses to a petition for probate in the probate court. The hearing in the probate court at that time could be but was not required to be an adversary proceeding as it is now and the probate court did not then have exclusive original jurisdiction of will contest actions.

This brings us to appellants' second point urged under the first ground of their demurrers. Is the will contest action an attempt to compel the probate court to distribute the decedent's estate contrary to the terms of the will? Is that action by appellee as an heir at law tantamount to a claim or demand for a distributive share of the decedent's estate? If it is, must such a claim or demand be asserted in the probate court? We think these questions must be answered in the affirmative. It is conceded the probate court has exclusive original jurisdiction to determine who are devisees and heirs at law and to determine the share of the estate to which they are entitled. It is conceded the district court has only appellate jurisdiction over questions pertaining to the distribution of an estate. An action which challenges the validity of a probated will to pass title to property belonging to a decedent's estate to persons named in the will and in which title to any portion of the estate is claimed by the plaintiff can be brought only in the probate court, and district courts now have only appellate jurisdiction over that matter. (*Foss v. Wiles,* supra; *Yeager v. Yeager,* supra.)

It is conceded appellee is a half sister of the testatrix and that appellee has been entirely ignored by the terms of the will. If her allegations with respect to the incapacity of the testatrix to make the will and the averments of undue influence in the execution of the will should be established on the trial of the action, the will would be invalid and, of course, could not stand. The result would be appellee would be entitled to receive a distributive share of the decedent's estate under the law of descents and distributions. Manifestly that result would be contrary to the terms of the will. The sole purpose of prosecuting the will contest action was to set aside the will and thereby establish appellee's right to a portion of the estate as an heir at law. The will contest action is merely the means, vehicle or form of action chosen to accomplish that specific purpose. To

say that appellee is not now, in substance and in reality, attempting to establish her right or claim to a portion of the decedent's estate as an heir at law would require us to completely ignore the obvious purpose and intent of her present action. A majority of this court has no hesitancy in saying her action is tantamount to the assertion of a claim or demand against the decedent's estate which under the new code must be asserted in the probate court. (*Foss v. Wiles,* supra; *Yeager v. Yeager,* supra; *Erwin v. Erwin,* 153 Kan. 703, 708, 113 P. 2d 349; *Egnatic v. Wollard,* 156 Kan. 843, 854, 137 P. 2d 188; *Shively v. Burr,* 157 Kan. 336, 342, 139 P. 2d 401; *Burns v. Drake,* 157 Kan. 367, 371, 139 P. 2d 386.) There can be no question about the fact that in each of the first four cases and the Burns' case just cited the plaintiff was asserting a right to a portion of the decedent's estate. The causes of action there alleged were not the ordinary claim or demand of a creditor and we held the actions must be brought in the probate court.

G. S. 1943 Supp. 59-2239, provides:

"*All demands,* including demands of the state, against a decedent's estate, whether due or to become due, whether absolute *or contingent* . . . not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment. . . ." (Emphasis supplied.)

In the Burns' case we said: ". . . the legislature intended the term 'demands' as here used to be all-inclusive—to include all demands against the estate, whether legal or equitable in character, except in particular cases where the statute may expressly provide otherwise." (p. 371.)

G. S. 1943 Supp. 59-2241, provides for a hearing on and determination of contingent claims by the probate court.

It will be observed G. S. 1943 Supp. 59-2239, does not exclude claims or demands of an heir at law or claims which arise by operation of the law of descents and distributions. On the subject of the necessity for the filing of a claim in the probate court by one who claims all or any part of a decedent's estate under the law of intestate succession see *Egnatic v. Wollard,* supra, p. 856; *Shively v. Burr,* supra, p. 340. The statute says, "all demands." It expressly includes contingent demands. In 2 Bartlett's Kansas Probate Law and Practice, p. 411, it is said:

. "A contingent claim is one where the liability depends upon some future event, which may or may not happen, and therefore makes it wholly uncertain whether there ever will be a liability."

The validity of appellee's claim or demand to a portion of the decedent's estate is contingent only upon the successful termination of the will contest action which she is presently prosecuting as an heir at law. The probate court must be advised of contingent claims as well as absolute claims in order to properly make partial or final orders of distribution. The provisions of G. S. 1943 Supp. 59-2252, throw further light upon the fact the legislature intended all questions involving the distribution of an estate should be asserted in the probate court.

If there ever was any question whether a contingent claim, that is, a claim for which liability had not yet been established and might never be established, is required to be asserted originally in the probate court that question was definitely put to rest in the case of *Shively v. Burr*, supra. In that case we held a civil action for damages under our wrongful death statute against the administrator of an estate constituted a claim or demand against the estate of the deceased wrongdoer which must be presented in the probate court. In the specially concurring opinion of Mr. Justice Harvey, it was stated:

"I think it important, not only to the courts but to the personal representatives of decedents' estates, to those having claims or demands *of any character* against such estates, and to heirs of the decedent or beneficiaries under his will, to have it known definitely that anyone who has *any type* of claim or demand against the decedent should present the same to the probate court in which his estate is being administered." (p. 342.) (Italics ours.)

See, also, other specially concurring opinions in the Shively case.

In view of the provisions of the new code and our previous decisions a majority of this court has no hesitancy in stating that appellee's action is a type of claim or demand against the decedent's estate which must be asserted originally in the probate court. Having decided the district court was without jurisdiction to entertain the appeal, it is unnecessary to treat other contentions made by appellants.

The judgment of the district court is reversed with directions to sustain appellants' demurrers and to dismiss the appeal to the district court.

WEDELL, J. (concurring): In writing an opinion for a majority the opinion of necessity must be restricted to views in which the entire majority concurs. While I agree with the opinion of the majority as written I am personally persuaded certain portions

thereof merit far greater emphasis than they have received. It would also appear there is some disagreement among certain members of the court relative to the exact issues presented by the appeal. For these reasons I prefer to state my personal views.

In the first place it appears necessary to emphasize the fact that in this appeal we have no question whatsoever for review with respect to the precise procedure or the extent thereof which an opponent of a will is required to pursue in the probate court in opposition to a will. It also appears necessary to emphasize that we have no question here for review relative to the *particular* provision or provisions of the civil code which are applicable or which are not applicable under the provisions of G. S. 1943 Supp. 59-2213, in a proceeding to vacate or set aside an order of probate. The statutes pertaining to both of the above mentioned subjects are important *in this case* only as they reflect a general legislative intent and purpose to give to probate courts exclusive original jurisdiction over proceedings in opposition to a will and to vacate an order of probate in the probate court. The mere fact there may be some conscientious difference of views among ourselves as to the details or extent of the procedure with respect to those two matters, which it appears the legislature intended the opponent of a will should pursue in the probate court, is wholly beside the point in this particular appeal. A determination of those matters is entirely outside the issues of this appeal and a discussion of the required details of such procedure merely tends to confuse rather than to clarify the precise issue now presented. In this case the opponent of the will took no steps of any kind or character whatsoever in the probate court to prevent the probate of the will or to have the order of probate vacated. In other words she completely ignored the exclusive original jurisdiction of the probate court to give her the precise relief she now seeks on appeal, namely, to have the probate of the will refused. She gave the probate court no opportunity or occasion to refuse to probate the will. It therefore follows we need not and certainly should not determine in this appeal what her precise procedure and the extent thereof would have been in the probate court had she invoked its jurisdiction.

The question decided by the trial court, and now here for review, is whether the *exclusive original* jurisdiction and power of the probate court *to refuse* to admit a will to probate can be completely ignored by the opponent of a will. If it can be ignored then, of

course, that court does not have the *exclusive original* jurisdiction and power *to refuse* to admit a will to probate. Appellee contends that jurisdiction can be ignored. She contends she can oppose the probate of a will by contesting it originally in the district court. It is conceded that is precisely what she has attempted to do in this case. Her contention is based in part upon the theory that generally an appeal lies from a default judgment, and next that G. S. 1943 Supp. 59-2401 provides, without qualification, for appeals from —— ". . . *an order* admitting, or refusing to admit, a will to probate." I would have no great trouble agreeing with either theory if the question now before us actually was governed by general principles and could be divorced completely from other appeal provisions and related probate code provisions and from our own previous far-reaching and emphatic decisions interpreting related provisions of the new code.

It seems to me it should be emphasized more strongly that the above appeal statute is not the only *appeal* statute which throws light upon the subject of the exclusive original jurisdiction of the probate court to make *an order refusing* to probate a will. G. S. 1943 Supp. 59-2408 is most illuminating on that specific subject. It provides.

"Upon the filing of the transcript the district court, without unnecessary delay, shall proceed to hear and determine the appeal, and in doing so shall have and exercise the same general jurisdiction and power *as though the controversy* had been commenced by action or proceeding in such court and as though such court *would have had original jurisdiction of the matter*. The district court may allow or require pleadings *to be filed or amended. . . .*" (Emphasis supplied.)

In my way of thinking the words in that *appeal* statute, to wit: ". . . as though such court *would have had* original jurisdiction of the matter," clearly leave no room for appellee's contention that the legislature intended objections or defenses to the probate of a will could be made originally in the district court and that such court could make the *original order refusing to admit* the will to probate. The further provision in the same *appeal* statute which authorizes the district court to permit the pleadings to be amended in that court is additional evidence the legislature intended pleadings in opposition to a will should be filed in the probate court and that the latter court should first have ruled upon the contentions of the opponent of a will. That construction of the above *appeal* statute is in complete harmony with the statute which requires written defenses to be filed

in the probate court to a petition for probate. (G. S. 1943 Supp. 59-2210.) We need therefore read nothing into the *appeal* statutes that is not there in order to conclude opposition to a will was intended to be asserted in the probate court prior to perfecting an appeal from the order of probate. It seems to me the conclusion is most logical. Moreover it rests upon well-established principles of law. The conclusion results from a consideration of the various *appeal* statutes instead of a consideration of only some of them. It rests upon a construction of the *appeal* statutes which is in harmony with other related statutes which require written defenses to a will to be filed in probate courts vested with exclusive original jurisdiction in the premises. Furthermore the conclusion is in harmony with our previous decisions on the exclusive original jurisdiction of probate courts over any kind of action which, in effect, is a contest of a will. A contrary construction of the *appeal* statutes is completely out of harmony with our numerous previous decisions and inevitably will result in confusion and defeat of the legislative intent.

It has been argued in substance that since the district court on appeal may order the filing of new pleadings or amended pleadings in that court, there can be no finality of judgment anyway until the district court has rendered judgment and hence nothing effectual is accomplished by statutes which require the filing of written defenses to the probate of a will in the probate court. I do not agree with the contention but for reasons to be stated presently I do not consider the contention as serious. Moreover the contention is not new. It has been made by able students of the new probate code since its adoption. There are also good lawyers who believe the old provision which allowed an independent contest action to be filed originally in the district court should be reenacted. But what have all these arguments, good or bad, to do with judicial interpretation of the legislative intent as evidenced by the existing law? Not one thing. Such arguments merely go to the wisdom of legislation which is a legislative and not a judicial prerogative.

In cases too numerous to require citation, under the old and new code, we have said that any action which challenges a probated will *and its validity to pass title to property* is in effect a will contest action and as such must be instituted in the probate court. We are now reminded those actions were filed originally in the district court and hence are distinguishable from the instant case which is an appeal from the probate court. The attempted distinction, in my opin-

ion, is entirely without merit in principle. For all purposes, practical or theoretical, the instant objections to the probate of the will, designed solely for the purpose of defeating the will and clearly constituting in fact a contest of the will, were filed originally in the district court. The objections to the will never were asserted in the probate court in any manner or form whatsoever. They have been filed and asserted only in the district court. In *Foss v. Wiles*, 155 Kan. 262, 124 P. 2d 438, we held:

"An action filed in the district court for the specific performance of an oral contract with a decedent which challenges the *right of the testator* and the *validity* of the probated will to pass title to property belonging to a decedent's estate to the persons therein named, is in effect an action to contest the terms and provisions of the will, over which action district courts now have only appellate jurisdiction." (Syl. ¶ 7.) (Emphasis supplied.)

In the course of the opinion in the Foss case we made the following summary:

"A careful study of the provisions of the new probate code leads us to conclude it was the intent and purpose of the *framers* of the Kansas probate code and of the *legislature* which enacted it to grant to probate courts *exclusive original* jurisdiction over *all matters incident and ancillary to the settlement and distribution of decedent estates,* except as to any matter over which that code expressly confers concurrent jurisdiction upon district courts." (p. 270.) (Emphasis supplied.)

The above statements of the law have been quoted verbatim or in substance time after time in our subsequent decisions. Are we repudiating them now? If so we should do so promptly and clearly in order that lawyers and judges may know that interested parties need no longer present originally in the probate court matters which are incident and ancillary to the settlement and distribution of a decedent's estate. If the instant appeal to the district court is held valid then interested parties may present matters originally in that court which are not only incident and ancillary to the settlement and distribution of a decedent's estate but they may present matters which completely alter the administration, settlement and distribution of an estate.

If the district court had jurisdiction of this proceeding or action instituted by appellee in the district court in which she challenges for the first time the capacity of the testatrix to make the will and the validity of the entire probated will to pass title to those named in the will, then all defenses to a will which would defeat the validity of the will, or any part thereof, to pass title to property to those named therein, may be asserted originally in the district court on

appeal from an order of probate. A party aggrieved by the will, although he has received due notice of the hearing for probate, may then ignore that hearing and the probate court generally and merely appeal from the order of probate. In the district court he may then for the first time contest the validity of the will to pass title to beneficiaries thereof by establishing his own title to the decedent's property under an assignment, deed, contract, trust or by any other appropriate means which defeat the terms of the will. This could and would be done notwithstanding we have emphatically and repeatedly declared the intent and purpose of the new code was to require claims *of title to all or any portion* of a decedent's estate to be asserted originally in the probate court, except where otherwise provided.

At this point I pause to say that when we repeatedly held any action in the nature of a "will contest" had to be filed originally in the probate court we knew there was an appeal to the district court from the judgment to be rendered by the probate court. Notwithstanding our full knowledge of such right of appeal we did not refuse to require the action to be filed originally in the probate court upon the theory the new probate code was not sufficiently specific with respect to the details and the extent of the procedure the opponent of a will was first required to follow in the probate court. Nor did we say that since the action could be tried *de novo* in the district court anyway, there was nothing to be accomplished by requiring the party to seek original redress in the probate court. We required the redress to be sought originally in that court because that was our interpretation of the legislative mandate as evidenced by the new code.

I do not regard the decision involving appeals from a default judgment of a justice of the peace court, relied upon by appellee, as controlling here. Those were decisions in damage actions over which justice of the peace courts do not have exclusive original jurisdiction. The appeals were to the district court, a court of concurrent original jurisdiction in such actions. The question of the right of a party to evade or ignore a court having *exclusive original jurisdiction* of the action and defenses was not involved and, of course, could not have been determined in those cases.

In the instant case, as heretofore stated, the probate court has the exclusive original jurisdiction to hear defenses to a will and to sustain the defenses by— ". . . *an order refusing* to admit a will to probate." Appellee gave that court no opportunity to hear her

defenses and to make an order refusing to admit the will to probate. She now seeks that identical relief originally in a court which does not have original jurisdiction to make such an order. She cannot change the law and confer original jurisdiction on the district court to make such an order by evading the exclusive original jurisdiction of the probate court.

I do not deem it necessary to say much with reference to paragraphs 5 and 6 of the syllabus and corresponding portions of the majority opinion. The cases cited in that opinion clearly determine that claims or demands *to all or a portion* of a decedent's estate *asserted on the theory a person has title thereto* are within the demand statute of the probate code. (G. S. 1943 Supp. 59-2239.) If the statement of the law in paragraph 5 is too broad we should frankly overrule or modify our previous decisions as paragraph 5 is substantially a quotation from the opinions in those cases. (See particularly *Shively v. Burr,* 157 Kan. 336, 342, 139 P. 2d 401; *Burns v. Drake,* 157 Kan. 367, 371, 139 P. 2d 386; and cases therein cited.)

Of course, in the absence of a will an heir at law is not required to file a claim or demand to a distributive share of a decedent's estate. If, however, it is to be determined now that an heir at law is not required to assert his rights to a portion of the estate in some form in the probate court when there is a will which completely ignores him and which he contends is invalid, then we should overrule what previously has been said concerning the necessity for filing claims based upon the law of intestate succession. (See *Egnatic v. Wollard,* 156 Kan. 843, 856, 137 P. 2d 188; *Shively v. Burr,* supra, p. 340; and *Burns v. Drake,* supra, p. 370.) Manifestly the instant proceeding by appellee to have the will declared invalid had only one purpose which was that she might receive her portion of the estate under the law of intestate succession. The trouble is she instituted that proceeding originally in a court which did not have original jurisdiction thereof.

The fundamental fallacy of appellee's entire contention is that while she admits the probate court is vested with exclusive original jurisdiction over proceedings of a proponent of a will designed to obtain, "an order admitting a will to probate," she denies that court has the same exclusive original jurisdiction over proceedings of an opponent of a will instituted for the purpose of obtaining, "an order refusing to admit a will to probate." True the opponent of a will

may appeal to the district court from an order admitting a will to probate but manifestly not before seeking the relief desired in the forum having exclusive original jurisdiction to grant that relief. On appeal to the district court that court tries the case "as though *the controversy* had been commenced by action or proceeding in such court" and "as though such court *would have had* original jurisdiction of the matter." (Appeal statute, G. S. 1943 Supp. 59-2408.)

SMITH, J. (concurring specially): I have not agreed heretofore with everything that has been said by this court as to the original and exclusive jurisdiction of the probate court to hear certain actions. (See my dissenting opinion in *Shively v. Burr*, 157 Kan. 336, 139 P. 2d 401.) However, it is now well settled that the holding of this court in *Foss v. Wiles*, 155 Kan. 262, 124 P. 2d 438; *Yeager v. Yeager*, 155 Kan. 734, 129 P. 2d 242, and *Shively v. Burr*, supra, is the law of this state. Since this is true, I concur in the result reached in the majority opinion. Those opinions and the analogous opinions on the subject, already mentioned in the majority opinion, require a reversal of this judgment.

THIELE, J. (dissenting): In my opinion a proper disposition has not been made of this appeal. Hereafter in referring to the probate code I shall refer only to the chapter and section thereunder as the same appears in G. S. 1943 Supplement.

I am in agreement with paragraphs 1 and 3 of the syllabus, as well as all but the last clause of paragraph 2, which I think is inaccurate. Where a purported will is offered for probate in the probate court any proper person in interest may defend, and if his defense is sustained there is no probate. There is no "will contest." I believe that paragraphs 5 and 6 of the syllabus are too broadly stated, but as appears later my dissent is on other and more fundamental grounds and further discussion of these paragraphs is unnecessary.

In a preliminary way, it may be said that although the opinion makes repeated references to a "will contest," that phrase cannot be found in the probate code. Here a will was offered for probate and after notice given, a hearing was had and the will was admitted. At that hearing there could be no judgment by default (59-2213, 59-2224). Insofar as Gala Gustafson was concerned the sole question in the probate court was "will" or "no will" and on appeal

taken, that would be the question in the district court. The first and primary question is not the scope of the appeal, but whether an appeal lies, even though she made no appearance in the probate court, and so we proceed.

The substance of paragraph 4 of the syllabus is. that the district court has no jurisdiction to entertain an appeal from an order admitting a will to probate unless the appellant either files objections in the probate court, or if he does not do so, takes some steps in the probate court to vacate or set aside the order of probate. It may be observed that such a rule would be equally applicable to any order made in the probate court, whether it was the admission of a will to probate, the appointment of an executor, an order determining venue, allowing a demand, or any other order from which an appeal could be taken.

Sections 59-2401 *et seq.* of the probate code give a right of appeal from any order, judgment, decree or decision in twenty-one specific instances, including an order admitting a will to probate. In that whole article there is no limitation on the right of appeal, but on the contrary there is express statement of what must be done to make the appeal effective (59-2405). We are here concerned with jurisdiction of the district court and it may be observed that the code of civil procedure provides for an unlimited appeal to the district court from a judgment or final order of the probate court (G. S. 1935, 60-3301). The statutory situation is quite analogous to that obtaining where a party against whom a judgment is rendered in the justice of the peace court desires to appeal. That he is not precluded from appeal because he permitted judgment to be rendered against himself by default has been determined. (See *Powers v. Schultz,* 127 Kan. 598, 274 Pac. 735, and cases cited.)

That there is any limitation on the right of a person aggrieved to appeal, or that the district court is without jurisdiction, as set forth in the opinion, is derived or implied from other provisions of the probate code.

Some force is attributed to 59-2210, which prescribes the form of notice of the hearing of a petition and states the persons notified must file written defenses. Giving to the form of notice its greatest effect and that it requires written defense, wherein may it be said to be any stronger than, if as strong as, G. S. 1935, 60-2501, of the code of civil procedure providing for summons and requiring the defendant to answer or judgment will be taken against him? The

fact defendant defaults may possibly limit scope of appeal, but that it robs the appellate court of jurisdiction is not correct. (See *Wood v. Nicolson,* 43 Kan. 461, 23 Pac. 587.)

A similar question was presented in *In re Estate of Langer,* 213 Minn. 482, 7 N. W. 2d 359. The statutes of that state expressly provided that no person could contest the validity of a will in the probate court unless his grounds of objection were stated in writing and filed at or before the hearing, and further that any person aggrieved by any order might take an appeal. The appellee in the district court moved to dismiss for the reason the appellant had been in the probate court at the time of hearing on the will but had failed to file objections to its allowance. The district court sustained the motion. On appeal to the supreme court it was held:

"A person financially interested in the allowance of a will in the probate court is a person aggrieved by an order of that court allowing the will and may take an appeal from such order although he was present in probate court upon the hearing on the will, filed no written objections, and entered no appearance therein." (Syl. ¶ 2.)

Attention is directed in the opinion to 59-2213 as supporting a rule that where a person duly notified files no written defense, he must proceed with motion for a new trial or other appropriate motion to vacate or set aside the order, judgment, decree or decision complained of before he may appeal. There is no provision in the probate code for any motion for new trial upon any ground set forth in the code of civil procedure (G. S. 1935, 60-3001) nor for any other post-hearing motions. Section 59-2213 makes reference to G. S. 1935, 60-3016, and is only a converse statement of a provision that has been a part of the code of civil procedure ever since the enactment of our first code of civil procedure (Terr. L. of 1859, ch. 25, § 554). If the provision of the code of civil procedure with respect to control of judgments by a court of record is to be given the force and effect now attributed to it, then it will introduce into probate practice many provisions of the civil code respecting pleading and will be contrary to the practice and procedure followed for many years in this state. Failure to file a motion for new trial in an appropriate case might conceivably limit scope of review, but it does not cut off appeal. See *Arnall v. Union Central Life Ins. Co.,* 157 Kan. 535, 538, 142 P. 2d 838. No such application was made in *In re Perkins,* 145 Kan. 611, 66 P. 2d 420, a case quite like the one at bar, but which arose prior to the enactment of the present probate code. It was there held:

"An order of the probate court admitting a will to probate is a final and appealable order and the district court has jurisdiction to hear the same." (Syl.)

Under 59-2250 provision is made for proceedings to determine descent, and under 59-2252 provision is made for opening the judgment. In view of the care taken to insert the latter provision, it is significant no similar provision was made for other judgments, orders, decrees or decisions. Under general rules of statutory construction, the inclusion in the one case is to be interpreted as its exclusion otherwise. What is expressed puts an end to that which is implied.

As I view the matter the court's conclusion is wrong from the standpoint of established pleading and practice on the one hand and of statutory construction on the other. To say that the district court is without jurisdiction in the circumstances is to say that in similar circumstances where an appeal was entertained and a judgment was entered in the district court, that judgment is void and may be vacated at any time. I cannot give my assent to a ruling by this court which makes that possible.

I am authorized to say that Mr. Justice HARVEY and Mr. Justice HOCH concur in the views herein expressed.

HOCH, J. (dissenting): In its terms the appeal statute (G. S. 1943 Supp. 59-2401), gives unconditional right of appeal from "an order admitting, or refusing to admit, a will to probate." In effect, the court now writes into this appeal statute the following proviso: "Provided, that no appeal will lie from an order admitting a will to probate unless opposition thereto has been asserted in the probate court." It is argued that by doing this we effectuate the legislative intent as indicated by other provisions of the code and as interpreted in our recent cases dealing with the present probate code.

Assuming, for the moment, that we would have a more harmonious result and one more in line with the general legislative intent, embodied in the code, if a trial of the issues in a will contest were required in the probate court before appeal could be taken how far does the instant decision go toward achieving that end? Suppose the contestor has filed written objections but introduced no evidence. Has he established a right of appeal under this decision? I do not know. Certainly, in such a case, the issues have not been tried in any real sense. Or suppose, for instance, he files an objection to probate on the ground that the testator was mentally incom-

petent, offers only perfunctory evidence, and then appeals from an order admitting the will to probate. And then when he gets to district court he abandons the contention that the testator was incompetent and rests his cause entirely on a new allegation of "undue influence." What is there to prevent his doing that as long as the trial upon appeal is *de novo*, with new pleadings permitted? If it was the legislative intent to prevent appeal by contestor of a will unless by trial in the probate court he has fully shown his hand, the door is still open for nullifying that intent.

I would not detract from what has been said in our recent cases dealing with the present probate code as to the legislative intent to give exclusive original jurisdiction to the probate court in matters relating to administration of estates. Every one of those cases, however, dealt with an attempt by a claimant to institute original action in the district court. None of them involved an appeal such as we have here in an action started in the probate court.

We are not justified, in my opinion, in attaching to the right of appeal a condition not found in the statutes. And the condition which this decision inserts by judicial construction is not only ineffective for accomplishing the legislative intent discussed in the opinion, but has disturbing possibilities as to appeals hitherto entertained in district courts. If it be thought that the present appeal statute leaves a loophole for evasion of the general legislative intent it is a defect to be corrected by the legislature—corrected by specific, effective, and safeguarded provision for actual trial in the probate court as a condition precedent to right of appeal, and with further provision that trial upon appeal, even though *de novo*, be limited to issues as joined in probate court.

I am authorized to say that Mr. Justice HARVEY and Mr. Justice THIELE join in these views.

HARVEY, J. (dissenting): Having concurred in the dissenting opinions of Mr. Justice Thiele and Mr. Justice Hoch I would say no more if it were not for the specially concurring opinion of Mr. Justice Wedell in which he seeks to fortify the opinion of the court by some of his personal views, apparently not concurred in by all of the justices who concurred in the opinion. This is predicated upon the fallacious contention, among others, that in this case there was nothing before the probate court which gave it an opportunity *to refuse* to admit to probate the will in question. There was before the pro-

bate court the petition of the executor for the probate of the will. The burden was upon the proponents of the will to produce evidence to sustain the allegations of the petition and justify an order of the court admitting the will to probate. It is conceivable that such evidence would have been lacking in some material respect, in which situation the court certainly would have had the power and authority as well as the duty of refusing to admit it to probate. So, the view advanced really comes down to the question of how much evidence there was before the probate court, and, analyzed through, perhaps means that the district court on appeal from an order admitting a will to probate would have no jurisdiction to hear evidence in favor of, or in opposition to, the will which had not been offered in the probate court.

The specially concurring opinion also points out a number of questions raised by the court's opinion which are not decided by it. None of these questions would be floating around undetermined if the court would simply follow the statute (G. S. 1943 Supp. 59-2405), which prescribes the requisites for an appeal from the probate court to the district court. When this court abandons the statutory procedure for such an appeal and attempts to create one of its own it should make the one it creates as clear and as easily understood as the one it destroys.